## S. D. De Cordova et'al. v. John D. Rogers.

### No. 1150.    Decided June 16, 1903.

**1.—Guardianship—Claim—Approval—Record.**

The claim docket required to be kept in administration and guardianship proceedings (Rev. Stats., arts. 2729, 2558, 2714, 2080, 1847) is a record of the court within the meaning of article 1853 making orders in such proceedings nullities unless entered of record, and the entry of the claim and its approval on such docket is a compliance with the latter article and establishes the claim against the estate, though the order be not spread upon the minutes of the court. (Pp. 63-65.)

**2.—Same—Bill of Review—Claims of Third Parties.**

Claims in favor of third parties against the estate of minors in the hands of their guardian which have been duly established as such by the county court, are not subject to be revised and disallowed, either in whole or in part, by a bill of review brought by the ward under Rev. Stats., art. 2799. (Rev. Stats., arts. 2717, 2718, 2789, 2799, 2800; Eastland v. Williams, 92 Texas, 113.)    (Pp. 65-67.)

**3.—Guardian and Ward—Education and Support—Clear Income.**

Without an order first made and entered upon the minutes, the guardian is not authorized to expend, in the education and support of the ward, and can not be allowed in the settlement, more than the clear income of the estate (Rev. Stats., art. 2630; Jones v. Parker, 67 Texas, 76; Blackwood v. Blackwood, 92 Texas, 478); and where the income is from rents of property, such "clear income" is that money, less expenditures for taxes, insurance and repairs, to which should be added interest charged against the guardian for money in his hands which he should have loaned out.    (P. 68.)

**4.—Same—Income and Expenditure Concurrent.**

The income, and expenditures for education and support, should run concurrently; and when the income for a period covered by a claim of that nature has been applied to such claim, the balance appearing to be due upon it should be held to be of no effect, there being no fund belonging to the estate from which it can be paid.    (P. 68.)

**5.—Same.**

Where claims for support and education of minors which accrued previous to the appointment of the guardian were credited with the rents of the period for which support was charged, it not appearing that any rents for that period ever came into the hands of the guardian, there were no funds which could be applied to their payment by him and for which he could be allowed credit in his final account.    (P. 68.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

From a judgment of the District Court, on appeal in a probate proceeding brought by Rogers on behalf of his wife against De Cordova as guardian of her estate, the latter appealed, and on affirmance of the judgment he obtained writ of error from the Supreme Court.

*D. W. Doom, Brooks & Shelley, Faulk & Patterson,* and *Ashby S. James,* for plaintiffs in error.—The court erred in striking out claims numbers 1, 2 and 3, described in plaintiff's bill of review, and in holding that the allowance on said claims by the guardian S. D. De Cordova, and the indorsement on the same of the approval of the probate court of Travis County, Texas, and the entry of said claims in the claim docket of ·the probate court, and the entry of approval of said claims in said docket by the probate court, was not a final judgment establishing said claims which could not be attacked in this pro-

ceeding, and in holding that there must be a judgment of approval entered in the minutes of the probate court of Travis County, Texas, in order to establish the validity of said claims and constituting a final judgment. Sayles' Rev. Stats., arts. 2714, 2719, 2080, 2717, 2718, 2723; Eastland v. Williams, 92 Texas, 113; Howard v. Johnson, 69 Texas, 655; Hicks v. Oliver, 78 Texas, 233; Cone v. Crum, 52 Texas, 348; West v. Keeton, 17 Texas Civ. App., 139.

The court erred in disallowing claims numbers 4 and 5, in plaintiff's bill of review, for the reason that said claims had been allowed by the guardian, entered upon the claim docket, and had indorsed upon them the approval of the court, and a judgment of approval very regularly entered in the minutes of the probate court of Travis County, Texas, which said judgment was a final judgment establishing said claims, which could not be attacked in this proceeding. Eastland v. Williams, 92 Texas, 113.

The trial court erred in holding that S. D. De Cordova as guardian of the estate of the minor Emma Pearl Haigler could not be allowed in his account any sum expended by him or paid to the parent of said minor as her natural guardian of the person in excess of the clear income of said estate, for the reason that the statute only provides that the guardian of the person shall not be allowed as a credit on his account any sum in excess of such clear income, and does not prohibit the guardian of the estate from expending a greater sum when necessary for the maintenance, support and education of his ward. Sayles' Rev. Stats., arts. 2621, 2629, 2630; Fryebe v. Tiernan, 76 Texas, 286; Kendrick v. Wheeler, 85 Texas, 247; Schuster v. Bauman, 79 Texas, 183.

The court erred in its judgment in holding that the guardian of the estate had allowed a greater sum for the support, maintenance and education of said minor than the clear income of her estate, for the reason that there was no evidence offered by plaintiff to show any expenditure which had been made by the guardian of the estate prior to the approval of the five claims described in plaintiff's bill of review, and the presentation of said claims by E. P. Haigler, the father of the minor, and the allowance of same and the approval of the probate court of said claims constituted an order of the probate court allowing the guardian of the estate to expend a greater sum than the clear income of said ward's estate prior to the actual expenditure of same, and such approval of the probate court is sufficient to protect said guardian and the holders of said claims, who had purchased them after their approval.

The trial court erred in holding that the guardian S. D. De Cordova could be held responsible for money which he had paid out upon claims regularly entered upon the claim docket and approved by the probate court of Travis County, Texas, and that he could be required to restate his final account and could be charged with all of the money paid out by him on such approved accounts by means of the bill of review filed by the plaintiff in this case.

*Hamer & Gordon,* for appellee.—The court did not err in striking out claims 1, 2 and 3, and in holding that the allowance of said claims by the guardian S. D. De Cordova and the indorsement on the same of the approval of the probate court of Travis County, Texas, and the entry of said claims in the claim docket by the probate court was not a final judgment establishing said claims which could not be attacked in this proceeding. As to right to maintain bill: Rev. Stats., 1895, arts. 2799, 2562; Miller v. Miller, 21 Texas Civ. App., 382; Best v. Nix, 6 Texas Civ. App., 349; Jones v. Parker, 67 Texas, 76; Young v. Gray, 60 Texas, 541; Murchison v. White, 54 Texas, 86; Fleming v. Seeligson, 57 Texas, 524; McAnear v. Epperson, 54 Texas, 220; Kleinecke v. Woodward, 42 Texas, 311; Janson v. Jacobs, 44 Texas, 573; Seguin v. Maverick, 24 Texas, 526. As to correctness of court in striking out claims 1, 2 and 3: Rev. Stats., 1895, arts. 2557, 2555, 2558, 1853, 2630, 2704; Blackwood v. Blackwood, 92 Texas, 478.

The court did not err in disallowing claims 4 and 5 and in holding that the same could be attacked in this proceeding, and that the Houston Ice and Brewing Company was not an innocent purchaser. Same authorities; also, Rev. Stats., arts. 2629, 2630; 2 Black on Judg., secs. 953, 955.

The court did not err in holding that S. D. De Cordova as guardian of the estate of Emma Pearl Haigler could not be allowed in his account any sum expended by him or paid to the parent of said minor as her natural guardian of the person in excess of the clear income of her estate, no order of court authorizing a greater amount having been obtained. Rev. Stats., arts. 2629, 2630; Blackwood v. Blackwood, 92 Texas, 478; Eastland v. Williams, 92 Texas, 113; Smythe v. Lumpkin, 62 Texas, 244; Jones v. Parker, 67 Texas, 80.

A guardian who acts within the scope of his authority and in accordance with the law will be fully protected, but where he acts outside of his authority and contrary to law he betrays the trust imposed upon him and must suffer the consequences of his own illegal and unauthorized acts.

The court erred in allowing the guardian S. D. De Cordova credit for the various amounts with which he had credited E. P. Haigler, the father and natural guardian of the minor Emma Pearl, on the five claims in favor of E. P. Haigler and designated in plaintiff's bill as claims 1, 2, 3, 4 and 5, because the said De Cordova, guardian of the estate of the said Emma Pearl, gave the said credits to the said Haigler, the father and natural guardian of the person of said Emma Pearl without an order of the probate court fixing the amount to be paid to the guardian of the person for the education and maintenance of the ward. Rev. Stats., arts. 2629, 2560.

GAINES, Chief Justice.—This case had its origin in a bill of review filed in the County Court of Travis County, by John D. Rogers, in right of his wife Emma Pearl Haigler Rogers to review certain

orders of that court made in the course of the proceedings in the matter of the estate of Emma Pearl Haigler, a minor. In the year 1895 letters of guardianship were granted to the appellant De Cordova upon the estates of Morris B. Haigler, Ruth A. Haigler and Emma Pearl Haigler, who were then minors and who had inherited real property from their mother. On April 2d of that year, De Cordova accepted the trust and qualified as guardian of the estates of the minors. On December 28, 1898, Emma Pearl Haigler intermarried with the plaintiff John D. Rogers. Some time subsequent to that date the defendant in error instituted this suit. When the original bill of review was filed the record does not disclose; but after the case was appealed to the District Court it does appear that on the 21st day of February, 1901, a fourth amended bill of review was filed, upon which the case was tried. This pleading was filed in lieu of a third amended bill of review, which was filed on the 12th day of December, 1900. It seems that when the original proceeding was instituted the guardian had filed his final account for the settlement of the estate of Mrs. Rogers in his hands as guardian. In the account of the guardian there were five claims allowed in favor of the father of the ward, mainly for her support and education, which had been transferred to third parties who were made parties to the suit. All had been duly authenticated, allowed by the guardian, approved by the County Court and entered on the claim docket, and as to claims 4 and 5 the order of approval was entered at large upon the minutes of the court. But no such order was made as to the other three.

The bill sought to have the first three claims wholly disallowed, because of the failure to enter the order of their approval upon the minutes; and in case that could not be done, that action of the court in approving them as well as its action in approving the other two be reviewed, and that all of them be disallowed upon their merits. The bill also sought to charge the guardian with certain items, which need not be noticed in disposing of the writ of error.

The trial judge in the District Court held that claims 1, 2 and 3 were nullities, for the reason that the orders approving them had not been entered upon the minutes of the County Court, and wholly disallowed them. He also held that claims 4 and 5 exceeded the sum which should have been allowed for the maintenance of the ward, and disallowed as to the excess. Judgment was entered restating the account upon that basis and also surcharged the guardian's account with certain debits claimed in the petition.

The Court of Civil Appeals affirmed the judgment of the District Court, and to revise the action of the latter court this writ of error has been granted.

Were claims 1, 2 and 3 nullities for the reason that the respective orders approving them were not entered on the minutes of the court? Article 1853 of the Revised Statutes provides that: "All such decisions, orders, decrees and judgments shall be entered on the records of the

court, during the term at which the same are rendered, and any such decision, order, decree or judgment, shall be a nullity unless entered of record." It was held in the case of Blackwood v. Blackwood, 92 Texas, 478, that this article applies as well to proceedings in the county court in guardianship matters as to proceedings in relation to the estates of deceased persons. However, the question involved in that case was an order allowing the guardian to expend for the education and mainte-nance of the ward more than the clear income of the estate, which order had not been entered of record. Article 2558 also provides: "The provisions, rules and regulations which govern estates of dece-dents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any of the provisions of this title." Article 2555 declares that "the record book used for the busi-ness of estates of decedents shall also be used for the business of guar-dianships." It is also prescribed by article 2729 that "the claim docket required to be kept in estates of decedents shall be used also for the estates of wards, and under the same rules as far as applicable." In speaking of the clerk of the county court, article 1847 provides that, "said clerk shall also keep a record book to be styled 'claim docket,' in which shall be entered all claims presented against an estate for ap-proval by the court. This docket shall be ruled at proper intervals from top to bottom, with a short note of the contents at the top of each column. One or more pages shall be assigned to each estate. In the first or marginal column shall be entered the names of the claimants in the order in which their claims are filed; in the second, the amount of the claim; in the third, its date; in the fourth, when due; in the fifth, the date from which it bears interest; in the sixth, the rate of interest; in the seventh, when allowed in whole or in part by the executor or administrator; in the eighth, the amount allowed; in the ninth, the date of rejection; in the tenth, the date of filing; in the eleventh, when approved; in the twelfth, the amount approved; in the thirteenth, when disapproved; in the fourteenth, the class to which the claim belongs; in the fifteenth, when established by judgment of a court; in the sixteenth, the amount of such judgment." Now by referring back to article 1853, it will be seen that all orders must be "entered on the records" of the court, and since the claim docket is expressly made a record book of the court, it would seem that when the approval of a claim is so entered the requirement of that article is strictly complied with. Indeed the thought suggests itself that the words "records of the court" were employed to prevent a misappre-hension which might otherwise arise, that the entry of the approval or disapproval of a claim upon the claim docket might not be sufficient. If, instead of the words "records of the court," the language had been "minutes of the court," the question would have been one of more difficulty. It is noteworthy that when a claim has been presented and entered on the claim docket together with its approval as required by article 1847, all the information in reference thereto is made of record

as fully as if the order of approval had been spread upon the minutes in the form of an ordinary judgment. In view of this fact, we fail to see what useful purpose would have been subserved by requiring, in addition to the entry of approval on the claim docket, a formal entry of the order upon the minutes of the court. Furthermore, article 2714 provides that, "at each regular term of the court all claims which have been allowed and entered on the claim docket shall be examined by the court and approved or disapproved in the same manner as is provided for claims against the estates of decedents." Now article 2080 prescribes what shall be done when the county judge has approved a claim. It reads as follows: "When the court has acted upon a claim its action shall be entered upon the claim docket and the date thereof, and the county judge shall also indorse upon such claim or annex thereto a memorandum in writing, signed by him officially and dated, stating the action of the court upon such claim, whether approved or disapproved, or if approved in part and rejected in part, stating the amount approved, and also stating the classification of such claim." It is reasonable to presume, in view of this particularity, that if it had been intended to require the approval of a claim to be spread upon the minutes of the court, the Legislature would have expressly so declared.

We therefore conclude, that since the claims now under consideration, after being authenticated, were presented to the guardian, allowed by him, and were thereafter approved by the County Court and the approval duly entered on the claim docket, they became established claims against the estate of the ward.

The next question which presents itself is, are claims in favor of third parties, which have been duly established as such by the county court, subject to be revised and disallowed either in whole or in part by a bill of review? The language of the statute with reference to the review of proceedings in matters of guardianship is as general as language can make it. The following is the provision of the Revised Statutes upon the subject: "Any person interested may, by a bill of review filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction." Art. 2799. It would seem that this provision must of necessity be subject to some limitation. For example, it was hardly contemplated that the action of the court in appointing a guardian would be subject to be revised many years after the appointment has been made. We have not found that the statute prescribes any special limitation as to the time in which the suit may be brought. The general limitation of four years would probably apply, but minors are excepted during the period of their disability. Hence, if such an order can be revised by a bill of review, it would seem that after a lapse of many years, the whole proceedings in the administration

97 Supreme—5.

would be subject to be set aside, by reversing the order appointing the guardian.

But even if it should be held, that the article is subject to no exceptions growing out of the nature of the order to be reviewed, we are of opinion that the provision of the statutes in reference to the allowance of claims conflicts with it and makes an exception. Articles 2717 and 2718 declare: "Article 2717. The order of approval or disapproval of a claim has the force and effect of a judgment. Article 2718. When a claimant or any person interested in a ward shall be dissatisfied with the action of the court in approving or disapproving a claim in whole or in part, he may appeal therefrom to the district court as in the case of any other judgment rendered by said court." Now it seems to us that the mention of one remedy for the correction of the judgment excludes all others. Article 2789 gives to "any person who may consider himself aggrieved by any decision, order or judgment of the court, or by any order of the judgment thereof," the right of appeal to the district court without bond. This is as general as the article which allows a bill of review. A right to a certiorari is given in terms equally broad. Rev. Stats., art. 2800. Now if article 2799 gives the right to revise by a bill of review an order approving or disapproving a claim, or if article 2800 allows a writ of certiorari for the same purpose, it is clear that under article 2789 there would have been a right of appeal from such order and the provision in article 2718, which specially provides for an appeal, was wholly unnecessary. Therefore we are of opinion that the Legislature considered that neither articles 2789, 2799 or 2800 authorized the revision of the order of approval or disapproval of a claim by the several procedures therein mentioned, and that their intention as manifested by article 2718 was to give the right of appeal only.

If it be urged that it is unjust to a minor not to have an opportunity to contest a claim after the removal of the disability, the answer is, that the establishment of a claim as a finality is necessary to the interest of the minor and to the administration of the estate. Who would extend credit to a guardian for the support, education or for other necessaries of a minor if after the claim was established in the county court, its action was subject to be reviewed at some remote period? Besides, the right to a bill of review is given to "any person interested" in the decision of the court. Therefore if article 2799 applies to the approval or disapproval of a claim, a claimant whose claim had been disapproved could bring a bill of review at any time within four years after the order was made. We do not think this was contemplated by the Legislature.

But we think this question is practically settled by the decision of this court in the case of Eastland v. Williams, 92 Texas, 113. In that case, the minor sought on final settlement to strike from the account of the guardian a claim for an attorney's fee which had been allowed by the guardian and approved by the court; and it was held, in effect,

that the approval was a finality. In the opinion Mr. Justice Brown, speaking for the court, says: "If parties were permitted to contest the justice of a demand against an estate which had been regularly probated under the law and paid by the administrator or guardian, there would be no security for administrators or guardians in the payment of claims against the estates they represent, but they would be liable at any time after the payment had been made and before the final settlement was concluded to have the judgments which they had obeyed set aside and might be compelled to answer for the funds applied under the order of the court. Such a rule has never been in force in the courts of this State." The only distinction we discover between that case and the one now before us, is that there the question was raised upon final settlement, and here it comes up under a bill of review. But it seems to us that that is a distinction without a difference. Upon the final settlement everything is reviewable that is subject to revision. The bill of review must be brought in the same court that renders the orders complained of; and we think a bill of review could be brought to revise the action of the court upon final settlement. But we fail to see how the court upon a bill of review would have more power than it had in the proceeding which was sought to be reviewed. The case of Richardson v. Kennedy, 74 Texas, 507, is authority for the proposition that some claims are reviewable upon the final settlement of an administrator. In that case the personal claim of the administrator which had been previously approved was disallowed; and such claims were distinguished from claims of third persons. In the opinion the court say: "The law plainly requires that claims for expenses of administration shall be docketed and acted upon by the court in like manner as other claims against the estate; but while the provisions with regard to the action of the court upon the claims of other parties expressly declare such action "shall have the force and effect of a final judgment," no such effect is declared in favor of claims for expenses of administration in favor of an executor or administrator. It seems to us that there are substantial reasons for a difference in this respect. When claims of third parties are being established it must be done through the executor or administrator who represents the estate, and whose duty and interest it is to protect the estate. On the other hand the establishment of claims belonging to the administrator or executor is an ex parte proceeding, had without notice to any person interested in the estate, and with regard to expenses of administration, unlimited as to time, except we think that the claims should be presented and acted upon before the final account is filed." What is there said as to an administrator, is equally applicable to a guardian.

It follows from what we have said, that in our opinion the District Court erred in holding that the approval of claims 1, 2 and 3 were nullities and in reviewing and disallowing in part claims 4 and 5, and that therefore the judgment should be reversed and the cause remanded

with some general instructions as to the principles upon which the account should be restated.

Since it does not appear that before the accounts were incurred for the education and support of the ward an order had been made and entered upon the minutes of the court which authorized the guardian to expend more than the income for that purpose, we think the approved claims, in so far as they are for the education and maintenance, can be charged only against the income. Jones v. Parker, 67 Texas, 76; Blackwood v. Blackwood, supra. It was so held both by the District Court and the Court of Civil Appeals. Without such order the guardian can not go beyond "the clear income" as the statute denominates it. Rev. Stats., art 2630. The income in this case consisted of money received as rents upon the property. The clear or net income is that money less expenditures for taxes, insurance and repairs.

By the judgment of the District Court which was approved by the Court of Civil Appeals, the guardian was charged with interest upon money in his hands which he should have lent. If he had so lent it, the interest received would have been income; and therefore whatever interest may be charged against the guardian on that score should be added to the income of the estate.

The income and expenditures for education and support should run concurrently; and when the income for the period covered by a claim of that nature has been applied to such claim, the balance appearing to be due upon it should be held of no effect, there being no fund belonging to the estate from which it can be paid.

The claims for support and education which accrued previous to the appointment of the guardian were credited with the rents of the period for which support was charged. It not appearing that any rents for that period ever came into the hands of the guardian, there are no funds on hand which can be applied to their payment. Therefore we think, that as the evidence now appears no credit should be allowed upon the final account for such claims.

The judgment is accordingly reversed and the cause remanded to the District Court. The defendant in error will pay the costs of the appeal to the Court of Civil Appeals and of the writ of error to this court. The costs of the District Court will abide the result of the suit in that court.

*Reversed and remanded.*