## N. BLOOM v. MATTIE OLIVER ET AL.

Decided June 11, 1909.

**1.—Administration—Certiorari—Statute Construed.**

In order to confer jurisdiction on the District Court to grant a writ of certiorari to the County Court in probate matters, it is not necessary to allege and prove that the administration is still pending. There is nothing in article 332, Revised Statutes, to justify the contention that such proceeding must be begun and prosecuted before the administration is closed.

**2.—Estates—Approval of Claim—Effect.**

The approval by the County Court of a claim against an estate is a judgment conclusively establishing the validity of such claim until set aside by a direct proceeding; and when a claim, though apparently barred, is allowed and approved it is presumed to have been within exceptions preventing the bar; and an order of approval can only be set aside by the beneficiaries of the decedent upon direct proof that the debt was barred at the time of its allowance and

that no fact existed which suspended the statute during the time of its apparent operation.

### 3.—Same—Claim against Estate—Limitation—Evidence.

Evidence considered and held sufficient to support a finding of fact by the trial court that a claim against an estate was barred by limitation at the time it was allowed by the administrator and approved by the Probate Court.

Appeal from the District Court of Leon County.    Tried below before Hon. S. W. Dean.

*Boyd & Boyd,* for appellants.

*A. J. Harper & Joe H. Seale* and *Wm. Watson,* for appellees.—It is not necessary to allege or prove that an administration is pending upon an estate in order to confer jurisdiction on the District Court to grant a writ of certiorari removing the proceedings in the County Court to the District Court for revision and correction. Sayles' Stats., arts. 332 and 2800; Sayles Stats., arts. 2750, 2751, 2752 and 2764; Williams v. Steel et al., 108 S. W., 155; Wipff v. Heder, 6 Texas Civ. App., 685; Wipff v. Heder, 41 S. W., 164; Kalteger v. Wipff, 49 S. W., 1055.

McMEANS, ASSOCIATE JUSTICE.—Mrs. Mattie Oliver, surviving wife of J. H. Oliver, deceased, for herself and as next friend for Joe T. Oliver, J. H. Oliver and Jim Oliver, minors, and Annie Bigham, joined by her husband, Sam Bigham, as the only heirs-at-law of J. H. Oliver, deceased, brought this suit against N. Bloom and B. D. Dashiell, as administrators of the estate of said J. H. Oliver, to set aside and annul an order of the County Court of Leon County made and entered in the proceedings relating to the administration of the estate of said J. H. Oliver approving a claim of $4,500 against said estate in favor of N. Bloom, which claim had previously been allowed by Dashiell, the administrator. The District Court, on the petition of the plaintiffs, granted the certiorari prayed for, and the proceedings were removed from the County to the District Court for a trial *de novo.* The only ground upon which the judgment of the County Court was sought to be set aside, that we need notice, was that the claim was barred by the statute of limitations at the time of its allowance by the administrator and its approval by the County Court.

Defendant Bloom answered by general denial, and specially denied plaintiffs' interest in the subject matter of the suit.

Defendant Dashiell, the administrator, answered that he allowed the claim of Bloom under the belief that it was a subsisting *bona fide* charge against the estate, and that he had no notice or knowledge that it was barred by the statute of limitations; and he joined in the prayer of the plaintiffs that the judgment approving it be annulled.

The case was tried by the court without a jury, and judgment was rendered in favor of plaintiffs canceling the allowance of the claim by the administrator and setting aside the order of the County Court approving the claim, from which judgment the defendant Bloom has prosecuted this appeal.

Appellant presents but one assignment of error upon which he seeks a reversal, which is as follows: "The court erred in rendering judgment in favor of plaintiffs and B. D. Dashiell, and against defendant N. Bloom, in canceling and setting aside the claim of defendant Bloom against the estate of J. H. Oliver, deceased, (1) because the evidence fails to show that administration is pending in the matter of the estate of said J. H. Oliver, deceased, or that such administration was pending at the time of the institution of this suit or at the time of the trial; (2) because the evidence is wholly insufficient to establish the fact that the claim of defendant N. Bloom for $4,500 against the estate of J. H. Oliver, deceased, was barred by the statute of limitations at the time of its allowance by the administrator and approval by the County Probate Court of Leon County."

Appellant's first proposition under this assignment is that a cause can not be removed from the County to the District Court by writ of certiorari after administration has been closed, and in order to confer jurisdiction on the District Court granting such writ, to try the case *de novo*, it must be alleged and proved that the administration is pending. This contention is without merit. Article 332, Revised Statutes, provides that any person interested in the estate of a decedent may have the proceedings of the County Court revised and corrected at any time within two years after such proceedings were had, and that minors and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction. It was shown that three of the plaintiffs were minors at the time of the institution of the suit, and that one was feme covert. There is nothing in the statute to justify the contention that such a proceeding as this was must be begun and prosecuted before administration is closed.

Appellant's second proposition under this assignment is that, "When a claim has been allowed and approved, every presumption is in its favor, and he who attempts to impeach it must assume the labor of distinctly and clearly showing its vices, and such allowance and approval will not be set aside as a matter of course, but only upon the fullest proof. It devolves upon plaintiffs to show beyond question that the claim of N. Bloom was barred; the fact that the same appears to be barred is not sufficient."

It is unquestionably the law that the approval by the County Court of a claim against an estate is a judgment conclusively establishing the validity thereof until set aside by a direct proceeding (Thomas v. Bonnie, 66 Texas, 638), and that when the claim, though apparently barred, is allowed and approved, it is presumed to have been within exceptions preventing the bar (Cone v. Crum, 52 Texas, 351), and that an order of approval can only be set aside by the beneficiaries of the decedent upon direct proof that the debt was barred at the time of its allowance, and that no fact existed which suspended the statute during the time of its apparent operation. (Howard v. Johnson, 69 Texas, 657; Hillebrant v. Burton, 17 Texas, 138; Campbell v. Shotwell, 51 Texas, 27.)

Do the facts in this case warrant the conclusion of the trial court that the claim of Bloom was barred at the time of its allowance by the

administrator? We think that this question must be answered in the affirmative. In 1889 J. H. Oliver and the appellant Bloom entered into a partnership in a mercantile venture at Buffalo, Texas. Bloom, in response to interrogations propounded to him *ex parte,* testified that the partnership was dissolved in 1891, at which time he made to Oliver a deed to certain lots in the town of Buffalo, and that Oliver, at the time of the making of the deed, executed to him his due bill for $4,500, which bore no date. There was testimony which tended to prove that the partnership had not in fact been dissolved, but, in the view we take, the testimony on that point was immaterial. The date of the deed was February 26, 1891. J. H. Oliver died in 1899, and his widow, the appellee Mrs. Mattie Oliver, qualified as survivor, and conducted through her agents the business left by her deceased husband for two years, when B. D. Dashiell was appointed administrator of the estate. Bloom at no time during the period that Mrs. Oliver was acting as survivor presented the due bill to her or demanded its payment, and she knew nothing of its existence until Bloom afterwards brought suit against her upon it. On December 18, 1902, shortly after Dashiell qualified as administrator, Bloom presented the due bill to him as a claim against Oliver's estate, for allowance, and it was allowed as such on the same date, filed with the county clerk two days later, and approved by the county judge of Leon County January 19, 1903. Afterwards the due bill became lost. William Watson, a witness for plaintiffs, testified: "I have seen the due bill inquired about in this case. I saw it once in the hands of N. Bloom at Buffalo. . . . He showed it to me one night and told me it was a claim he had against the estate. I looked at the date and told him it was barred. . . . It was dated January or February (I would not be certain which); I know that it was 1891. . . . I saw it several times in the county clerk's office between the time it was filed and entered on the probate claim docket and the time it was lost. I was present when they allowed it. It was the same piece of paper. It was legal cap, and stained somewhat—a sort of yellow stain that comes on blue cap by age; . . . it was just simply this, 'Due N. Bloom, $4,500.' Signed, 'J. H. Oliver.' That was all there was on it, and in the left-hand corner the date, either January or February, 1891. . . . At the time I told him it was barred was a long time before he presented it. He was talking to me about the mix-up of the estate; . . . he said, 'I am all right.' When he showed me that bill I said, 'That is barred,' and that was about all that was said. There wasn't anything on it like a renewal. . . . I saw this (claim) allowed. It was the same due bill attached to the creditor's oath." Watson's testimony was undisputed.

We think the testimony clearly justified the conclusion of the trial court that the claim was barred at the time of its presentation to the administrator for allowance. Bloom was present at the trial but did not testify. If Oliver at any time subsequent to the execution of the due bill in February, 1891, executed to Bloom a new promise to pay, it was clearly within the power of Bloom and greatly to his interest to prove it, but he remained silent. If there was a renewal, it was a fact peculiarly within his knowledge, and his failure to produce it or

testify concerning it, in view of Watson's testimony, was almost tantamount to an admission that no such renewal was made. When Watson told him that the due bill was barred, to which he said nothing, it is reasonably probable if there had been a renewal he would have so informed the witness. His claim was founded upon the due bill given him in 1891, and the claim presented by him to the administrator and allowed was this identical due bill upon which no renewal was endorsed. We think that under the facts the judgment rendered by the trial court was in all things correct and that the judgment should be affirmed, and it is so ordered.

*Affirmed.*