**KRAWIETZ et al. v. KNEISKI et al.**
**(No. 6670.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1922.)

1. **Executors and administrators** ⬉238—**Heirs had right to contest application to withdraw allowed claim.**

Heirs have the right to appear in the administration of an estate and contest applications to withdraw claims which have been filed, approved, and ordered paid, under Rev. St. 1911, art. 3236.

2. **Executors and administrators** ⬉241—**Order of probate court allowing claim a "final judgment."**

An order of a probate court allowing a claim regularly presented is a final judgment, under Rev. St. 1911, art. 3452.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

3. **Executors and administrators** ⬉237—**Order of probate court allowing claim valid judgment, though entered only in docket.**

Entry of an order of a probate court allowing and ordering paid a claim regularly filed, entered in county judge's probate docket, is such an entry of record as is contemplated in Rev. St. art. 3219 nullifying an order not entered of record, in view of article 3211, making the judge's probate docket a "record book."

4. **Executors and administrators** ⬉238, 241—**Order of probate court allowing claim a final judgment not to be set aside at subsequent term or collaterally attacked.**

An order of the probate court, entered in the probate docket, allowing and ordering paid a claim, is a final judgment, and cannot be set aside at a subsequent term, or be otherwise affected in a collateral proceeding, or in any other way than by a direct proceeding brought for that purpose in the district court.

Appeal from District Court, Karnes County; Covey C. Thomas, Judge.

In the matter of the estate of J. N. Krawietz, deceased. Application by E. J. Krawietz and another to withdraw claims approved and ordered paid, to increase the amount, opposed by Frank Kneiski and others. From an adverse judgment, applicants appeal. Affirmed.

Bell & Brown, of Karnes City, for appellants.

T. B. Smiley and J. O. Faith, both of Karnes City, for appellees.

SMITH, J. While the estate of J. N. Krawietz, deceased was in process of administration in the probate court of Karnes county, E. J. and L. L. Krawietz each filed claims against the estate with the administrator, who approved and ordered them paid. Subsequently the claimants filed a joint motion for leave to withdraw these claims, alleging that, at the time the claims were filed, approved, and ordered paid, they "were each laboring under a misapprehension of fact and of law as to their just and lawful rights as against said estate, and that said accounts do not represent the true amount that said estate is due them," and prayed that they be permitted to withdraw the accounts "that they may in due time and manner present their just claims as against said estate."

Frank Kneiski and others, admitted to be heirs at law and interested in the estate, filed a contest of the application to withdraw the claims, upon the grounds that the claims had been regularly authenticated, filed, heard, allowed, ordered paid, transferred to others, and paid, and cannot now be set aside in a collateral attack, and that the probate court was without power to allow their withdrawal.

The proponents of the motion challenged the right of Kneiski and his associates to contest the same, insisted that the record did not show a legal allowance and adjudication of the claims, or final judgment thereon, and denied that they had transferred the claims, or that the latter had been paid. The county court denied the application to withdraw the claims. The Krawietzes appealed to the district court, in which judgment was again rendered against them.

[1] Appellees, as heirs at law of the deceased, and being interested in the estate, clearly had a right, under the authority of the statute, to appear and contest the application to withdraw the claim. Rev. St. 1911, art. 3236; Pena Vidaurri's Estate v. Bruni, 156 S. W. 315. Appellants cite and quote from the opinion in Chapman v. Mansfield, 29 S. W. 820, as holding against this conclusion. The only question decided in that case was that the heirs of the deceased person had no right to compromise and settle claims by or against the estate pending administration thereof. We adhere to that holding, which does not affect the question presented here.

[2, 3] In general terms it may be said that appellants' position is that there has been no final judgment upon their claims in the county court, and that to withdraw their claims would amount simply to a nonsuit, which is permissible at any time before entry of final judgment. They contend that the notation on his probate docket by the county judge, of the approval of the claim, is not a judgment "entered of record," and that the judgment in fact becomes final "only upon the court's approval and allowance in the probate claim docket or the entry of the court's disposition of the claim as a judgment in the minutes of the probate court"; that, as the order allowing the claim, and ordering it paid, was not entered in the minutes of the probate court, it was "a nullity" under articles 3218 and 3219, which are as follows:

Article 3218. "All decisions, orders, decrees, and judgments of the county court in probate matters shall be rendered in open court, and at a regular term of such court for civil and probate business, unless in cases where it is otherwise specially provided."

Article 3219. "All such decisions, orders, decrees and judgments shall be entered on the records of the court, during the term at which the same are rendered; and any such decision, order, decree or judgment shall be a nullity unless entered of record."

An order of a probate court allowing a claim regularly presented is a final judgment. It is expressly made so by statute (article 3452), as well as the decisions. Williams v. Robinson, 63 Tex. 576; Bloom v. Oliver, 56 Tex. Civ. App. 391, 120 S. W. 1101. It is true, as contended by appellants, that it is provided in article 3219 that all orders, etc., of the probate court "shall be entered on the records of the court," and that, unless so entered, such orders, etc., "shall be a nullity." But it is expressly provided in article 3211 that the judge's probate docket is a "record book," and an entry in that docket of the order allowing a claim is such an entry of record as contemplated in the provisions of article 3219 nullifying an order not entered of record. West v. Keeton, 17 Tex. Civ. App. 139, 42 S. W. 1034; De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16. Appellants quote from the decisions in Threatt v. Johnson, 156 S. W. 1137, and Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618, to support their contention that, unless the order in question is shown to have been entered in the minutes rather than in the judge's probate docket, it is a nullity. Those decisions, however, relate to entries in guardianship matters under articles 4050, 4083, and 4297, which expressly provide that the orders therein mentioned shall be entered, not "of record," but "in the minutes" of the court, and that unless entered "in the minutes" they shall be a nullity. Those decisions have no application here.

[4] We hold, then, that the matters here sought to be disturbed have been reduced to a final judgment, binding alike upon the estate and the claimants. It cannot at a subsequent term be set aside, or otherwise affected in a collateral proceeding, or in any other way than by a direct proceeding brought for that purpose in the district court. Neill v. Hodge, 5 Tex. 487; Jones v. Underwood, 11 Tex. 116; Moore v. Hillebrant, 14 Tex. 314, 65 Am. Dec. 118; Williams v. Robinson, supra; Bloom v. Oliver, supra; Appellants alleged in supplemental pleadings that they were induced to file the claims in question because of fraudulent representations made to them by appellees, and under a misapprehension of the law and facts concerning their rights. The judgment being final, however, these matters are res adjudicata, and,

if appellants have been wronged, their redress lies, not in the remedy they have pursued, but in a direct proceeding in the district court to set aside the judgment and in that way reopen the whole matter.

The judgment is affirmed.