### JONES v. SILVERMAN et al.

### No. 2817.

Court of Civil Appeals of Texas. Beaumont.

June 27, 1935.

John T. Garrison and Earle M. Manint, both of Houston, for plaintiff in error.

Atkinson & Gaugler, Kurtz E. Gaugler, Arthur Heidingsfelder, and Ewing Werlein, all of Houston, for defendants in error.

O'QUINN, Justice.

This suit grew out of the following facts: September 8, 1930, Abe Silverman obtained a judgment against Emma J. Jones in the district court of Harris county, Tex. October 16, 1930, Emma J. Jones was adjudicated a non compos mentis, and on November 5, 1930, F. P. Eastburn was by the probate court of Harris county appointed guardian of her estate, and duly qualified and received letters of guardianship. Plaintiff in error here, J. P. Jones, was a brother of Emma J. Jones, and as such interested in her estate. He knew of, was present, and took part in, the probate proceedings. Abe Silverman presented his claim, based upon his judgment, to the probate court, and same was allowed by the guardian, and on November 18, 1931, was duly approved by the court.

Later Eastburn resigned as guardian, and plaintiff in error was appointed guardian, and on April 28, 1932, filed this suit in the Sixty-First district court of Harris county, for certiorari to review the order of the probate court allowing, approving, and ordering paid Silverman's claim. The writ was granted, all parties duly served with process, and appeared and answered. Subsequently Eastburn and Silverman filed motions to dismiss the suit for want of jurisdiction in the court to thus review the judgment of the probate court approving Silverman's claim. Upon hearing, the court sustained the motion and dismissed the suit. This appeal is from that order.

As appears, this is an attempt by writ of certiorari to review the action of the probate court in approving a claim in guardianship proceedings. It is well settled that the action of the probate court in approving or refusing a claim in guardianship proceedings cannot be appealed or carried to the district court for review by certiorari. It must be done by appeal under article 4252, R. S. 1925. In such cases article 4329, relating to certiorari, is not applicable. DeCordova v. Rogers, 97 Tex. 60, 75 S. W. 16; Bolton v. Baldwin (Tex. Civ. App.) 57 S.W.(2d)

957, 961 (writ dismissed); 21 Tex. Jur., § 62, p. 293.

The judgment dismissing the suit was proper, and is affirmed.