## DUNAWAY v. EASTER et al.

### No. 13775.

Court of Civil Appeals of Texas.
Fort Worth.

June 3, 1938.

Rehearing Denied Sept. 9, 1938.

J. V. Patterson and C. T. Gettys, both of Decatur, for appellant.

Penn J. Jackson, of Cleburne, and W. C. Shults, of Decatur, for appellees.

SPEER, Justice.

This is an appeal from a judgment rendered in the District Court of Wise County, in a certiorari proceeding to the probate court of that county.

U. S. Dunaway died intestate in Wise County on April 4th, 1936, and upon an application filed on October 17th, 1936, J. W. Dunaway was appointed administrator of the estate. The application contained all the necessary requisites for

administration and the appointment of the applicant.

Citation was duly issued on October 29th, 1936, in the manner provided by Article 3333, R.C.S., and was returned and filed on October 30th, 1936, bearing the following return:

"Sheriff's Return.

"Came to hand on the 29th day of October, A. D. 1936, at —————— o'clock M., and executed on the 29th day of October, A. D. 1936, by posting a copy of the within citation for ten days, exclusive of the day of posting, before the return day hereof, at the court house door of —————— county, Texas.

"C. W. Cook, Constable,
"Wise County, Texas."

On November 9th, 1936, judgment was entered appointing J. W. Dunaway administrator of the estate of U. S. Dunaway, deceased. In the judgment it was recited that U. S. Dunaway was dead, that four years had not elapsed since his death, "That due notice and service of citation herein has been made as required by law;" further stating the court had jurisdiction of the estate and that there is a necessity for administration, and so on, as is usual and customary in such decrees.

J. W. Dunaway, thereafter, executed, procured the approval and filing of his bond, and subscribed the oath of office. Appraisers were appointed, and inventory and appraisement were duly filed and approved by the court. He took charge of the estate and proceeded to administer it.

Thereafter, and prior to the institution of the certiorari proceedings, verified accounts against the estate in favor of J. E. Mara, for $27.96, and D. E. Smith, for $24.45, respectively, were presented to the administrator and by him allowed. The administrator likewise presented his verified account against the estate in the sum of $2,400, to the county judge, and asked that it be approved and ordered filed and entered upon the claim docket of said estate. The judge attached to each of the claims his approval and allowance, along with his order that they be filed with the county clerk and by him entered on the claim docket of the court.

On February 5th, 1937, N. E. Easter, N. A. Hughes, Emma Hines and husband, J. J. Hines, and J. T. Jackson, residents of Johnson County, Texas, whom we shall designate as appellees, filed in the district court of Wise County their petition asking for the issuance of a writ of certiorari to the county court of that county, naming J. W. Dunaway, individually and as administrator of the estate of U. S. Dunaway, deceased, as defendant, whom we shall designate in this opinion as appellant.

Allegations were made of the pending administration, and that the accounts above mentioned had been allowed and approved; that appellees were persons interested in the estate, and that Mrs. N. E. Easter was a sister of deceased and the nearest of kin to him. That all of the proceedings had in said administration were void; each order and act mentioned above was alleged to be void, for the reasons: There were no debts against the estate at the time of the death of U. S. Dunaway, and no necessity existed for administration; special allegations were made that neither of the debts or claims above mentioned were owing by the estate; that J. W. Dunaway was not entitled to be appointed administrator, he not being the closest of kin to deceased, but if administration be granted, then that N. E. Easter should be so appointed. Further reasons for the invalidity of the whole proceeding were based upon allegations that the notice or citation in said cause was not issued and served in the manner required by law; that is, the return on said process shows it was returned by the officer one day after its issuance, and that it could not have been posted for ten days, as recited therein, and for the further reason the return did not show that the citation had been posted at the court house door of Wise County, the county in which the estate was being administered. The further allegation was made that the appointment and all subsequent proceedings were had and obtained by a fraud perpetrated by appellant upon appellees, in that the court asked counsel for appellant to notify appellees' counsel that such application had been filed and that they did not do so. It was further alleged that appellees did not learn of the administration proceedings in Wise County in time to appeal therefrom, and having no other remedy, prayed for the writ of certiorari to issue, and that upon final trial, they have judgment decreeing that no administration on said estate was necessary, and that neither of the accounts mentioned is a valid claim against said estate, and that all orders, judgments and decrees of the county court in the matter of said

estate, be canceled and set aside; and in the alternative, that if it be found that administration upon said estate was necessary, that N. E. Easter be appointed, and for general and special relief.

The bond required by the court was given and the writ issued as prayed for; in response to the court's order a certified copy of the proceedings had in the county court was sent up by the county clerk; the orders disclose the facts to be as stated above.

Appellant answered by general and special demurrers, general denial and specially that if there are any irregularities in the officer's return, they should be corrected by the officer under the court's orders, and prayer was that he be permitted to do so. That in truth and in fact the process was duly and properly issued and served. Special allegations were made that the whole proceeding in county court was right and proper and that the account of the administrator was in every way valid and a subsisting obligation against the estate; prayer was for the dismissal of the writ and that it be held for naught, and that "the judgments and orders of the county court complained of by plaintiffs be in all things sustained and not disturbed."

A jury trial was demanded and special issues were submitted and answered; by the answers to issues it was found that there were two or more debts against the estate of U. S. Dunaway, deceased, at the time of his death; and that the debt of J. W. Dunaway (appellant) against said estate was $500.

Judgment was entered to the effect that J. W. Dunaway recover from the estate $500, with interest thereon at six per cent per annum from the date of the judgment. It was there recited that:

"This judgment and recovery shall be in lieu of the order of the county court of Wise County, Texas, in the matter of the estate of U. S. Dunaway, deceased, No. 2609 on the docket of said court, said order dated December 5th, 1936, and being the order in said cause wherein the said county judge approved and allowed a claim of said J. W. Dunaway against said estate for the sum of $2,400.00. * * and the allowance of said claim in the county court is hereby reversed and set aside, and the judgment herein allowed shall supersede and take the place of the allowance of said claim in said cause in the county court of Wise County, Texas.

"It is further ordered, adjudged and decreed that all other orders and proceedings had in the county court of Wise County, Texas, in the matter of the estate of U. S. Dunaway, deceased, and complained of in this cause, shall be and they are hereby affirmed and allowed to stand, as made in the county court in said cause."

The judgment of the court was ordered certified to the Clerk of the County Court for observance.

From the above judgment, J. W. Dunaway, the administrator, has appealed to this court. He brings before us two assignments of error. They are in effect: (1) The court erred in the judgment rendered, wherein he failed to appoint appellant administrator and direct him to administer the estate of U. S. Dunaway, deceased; and (2) the court erred in attempting to set aside and invalidate the order of the county court, in which appellant's account for $2,400 was allowed, and in undertaking to substitute the judgment in favor of appellant for $500, for the reason the court was without jurisdiction to review the order by the county court in a certiorari proceeding, such as the one before the court.

From the record before us, we do not believe reversible error is shown, and we shall discuss the assignments in the reverse order, to that in which they are presented. We do this for the reason the jurisdiction of the trial court is attacked in the last assignment, and therefore obviously this should be first considered.

Attached to the verified account of appellant, J. W. Dunaway, against the estate of U. S. Dunaway for $2,400, in cause No. 2609 pending in the county court of Wise County, Texas, was the following order by the county judge:

"The above claim having been presented by the said J. W. Dunaway, administrator of the said estate, in the manner provided by law, and filed with the clerk and entered upon the claim docket of this court for the period of ten full days, and having been by me examined and found to be correct, is hereby approved, this the 5th day of December, A. D. 1936.

"[Signed] F. A. Davenport,
"Judge of County Court of Wise
"County, Texas."

No statement of facts has been filed, and we must presume that the evidence supported the judgment as rendered.

It is contended by appellant that the district court was without power or jurisdiction to revise or set aside the above order of the Probate Court of Wise County, approving and listing for payment his claim against the estate for $2,400. Article 932, R.C.S., provides: "Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward. * * * " The writ of certiorari is not mentioned in the last quoted article, but subsequent provisions of the Title and ·judicial constructions clearly read into that article that the relief therein provided for is to be acquired by the writ of certiorari. Article 936 provides that the writ may be issued by the district to the county court, or to a judge of the latter court, and contains other provisions and requisites in such cases as the one before us. It cannot be said that Article 932 was enacted to cover the equitable Bill of Review, since by Article 4328, R.C.S., this relief is provided for, in guardianship matters; even under the broad terms of that article the county court cannot revise all orders which it may make in matters of probate within the limitation period named. Heath v. Layne, 62 Tex. 686; Franks v. Chapman, 60 Tex. 46; Edwards v. Halbert, 64 Tex. 667.

Actions concerning estates of decedents are in rem, binding upon everybody having an interest therein, when statutory proceedings are followed. In the nature of the manner in which estates must be so handled, there is much chance for property rights to suffer; the circumstances of the case before us is a fair sample of what may often be expected; appellees claim they knew nothing of the administration proceedings in Wise County until it was too late to appeal from the court orders. Article 932 has been effective since 1848, and seldom if ever has the wisdom of its provisions been questioned. Subsequent laws have been enacted, which, in cases to which they apply, have afforded a more adequate remedy, yet the Act providing for the writ of certiorari remains effective for all the purposes originally intended, except in cases where it has been taken away by later Acts of the Legislature.

It will readily be conceded that probate proceedings had, which relate to estate of decedents, are, in the main, appealable to the district court for review. The writ, when properly applied for and granted, is one form of appeal. It differs from the regular appeal only in the fact that appeal proper is a matter of right, and the privilege of one to exercise it may not be denied by a court, while the writ will only issue and previous proceedings be reviewed when allegations show they were erroneous. The subject is discussed and the rule announced in 9 Tex.Jur. p. 21, sect. 2, in this language: "A proceeding by certiorari to review a case upon the merits is appellate in nature, and is frequently alluded to as another method of appeal. It is the only method by which the appellate jurisdiction of the district court of the county court in probate matters may be invoked where an appeal has not been taken or is no longer available."

We think there is a distinction in the procedure to be drawn between administration upon a decedent's estate in probate court, and Title 69, Vernon's Ann.Civ.St. art. 4102 et seq., pertaining to Guardian and Ward in the probate court. It is clear from the latter Title that the estate involved may be, and often is, that acquired by persons otherwise than from deceased ancestors; such as estates of minors, insane persons and habitual drunkards.

14 Tex.Jur. p. 87, sect. 33, announces this rule: "Although certain early cases appear to doubt whether certiorari is the proper method by which errors committed by the probate court in approving a claim may be reviewed, it is now settled that such method of review is available." Citing Puckett v. McCall, 30 Tex. 457; Watts v. Wofford, Tex.Civ. App., 239 S.W. 321, writ denied; Miers v. Betterton, 18 Tex.Civ.App. 430, 45 S.W. 430. To these may be added the case of Bloom v. Oliver, 56 Tex.Civ.App. 391, 120 S.W. 1101.

In the recent case of Jones v. Wynne, 104 S.W.2d 141, it was held by the Court of Civil Appeals that certiorari will not lie to review the approval and allowance by the probate court of a claim in an estate being administered, but a writ of error was granted by the Supreme Court,

which has not as yet been disposed of. If the conclusions reached in the last mentioned case are based upon the holdings of our courts in guardianship cases, the distinction above mentioned by us will perhaps account for the writ of error being granted.

It has been held many times that the writ of certiorari will not confer upon the district court jurisdiction to review the acts of a probate court, approving and allowing a claim against the estate in guardianship proceedings. De Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16; Bolton v. Baldwin, Tex.Civ.App., 57 S.W.2d 957, writ dismissed; Jones v. Silverman, Tex. Civ.App., 84 S.W.2d 1013.

In De Cordova v. Rogers, supra, decided in 1903, since which time our statutes have been revised and article numbers changed, the reason for the distinction is drawn between proceedings in general administration and those in guardianship. In quoting from that opinion we shall parenthetically insert the present article number after those used by the court. It is there said (page 19): "'Art. 2717 [3525]. The order of approval or disapproval of a claim has the same force and effect of a judgment. Art. 2718 [4252]. When a claimant or any person interested in a ward shall be dissatisfied with the action of the court in approving or disapproving a claim in whole or in part, he may appeal therefrom to the district court as in the case of any other judgment rendered by said court.' Now it seems to us that the mention of one remedy for the correction of the judgment excludes all others. Article 2789 [4318] gives to 'any person who may consider himself aggrieved by any decision, order or judgment of the court, or by any order of the judge thereof,' the right of appeal to the district court without bond. This is as general as the article which allows the bill of review. A right to certiorari is given in terms equally broad. Rev.St. 1895, art. 2800 [4329]. Now if article 2799 [4328] gives the right to revise by a bill of review an order approving or disapproving a claim, or if article 2800 [4329] allows a writ of certiorari for the same purpose, it is clear that under article 2789 [4318] there would have been a right of appeal from such order, and the provision in article 2718 [4252], which specially provides for an appeal, was wholly unnecessary. Therefore we are of opinion

that the Legislature considered that neither article 2789 [4318], 2799 [4328], or 2800 [4329] authorized the revision of the order of approval or disapproval of a claim by the several procedures therein mentioned, and that their intention, as manifested by article 2718 [4252], was to give the right of appeal only."

We do not mean to be understood as holding that the writ of certiorari is not available to interested parties in guardianship matters, since under the provisions of article 4329, R.C.S., the right is given under the conditions therein named and the estates of wards are included in Article 932; but the provisions above referred to are likewise contained in that title and, as said by Judge Gaines in the case from which we have just quoted, the special provisions will prevail over the general rule.

The Eastland Court of Civil Appeals had before it in the case of Price v. Smith, 109 S.W.2d 1144, writ dismissed, a bill of review filed in the county court seeking a revision of the approval and allowance of a claim against an estate being administered in that court. The court affirmed a judgment of dismissal entered by the trial court, for reasons set out in the opinion. Some of the principles involved in this case were there discussed and the authorities were ably reviewed and interpreted, and we think the conclusion there reached is especially applicable in the distinctions we have mentioned when raised alone by the writ of certiorari.

We can see nothing in the statutes nor the decisions which should prevent a revision by the district court under the writ, of any part of the proceedings had in the administration of a decedent. We therefore overrule the assignment which complains of the district court exercising that power in this case.

This brings us to a consideration of the first assignment of error which complains of the form of the judgment. It is contended by appellant that when the proceedings of a probate court are taken to the district court by appeal or certiorari, the case is to be tried de novo as under Article 939, R.C.S., and the judgment rendered in the district court must be complete within itself; because the judgment in probate court is thereby vacated and rendered of no further force and effect; to put it another way, it is con-

tended that the district court, in cases where as in the instant one all matters in county court are asked to be reviewed and revised, the district court judgment should decree the necessity of administration and appoint the administrator, allow and approve claims and make such orders as are necessary to put the judgment into effect, certifying it back to the county court for observance. In its broadest sense, the contention is well taken. Drew v. Jarvis, 110 Tex. 136, 216 S.W. 618. But we believe that the manner and form of the judgment rendered in this case is effectively just what is contended for by appellants.

In the first place, as will be observed by the prayer of appellant in his answer, he asked "that the judgments and orders of the county court complained of by plaintiffs be in all things sustained and not disturbed."

We showed the type of judgment rendered in our statement of the case early in this discussion. The court considered the whole proceeding had in the probate court, having all the judgments, orders and decrees before him. Issues of fact were submitted and determined by the jury which showed the necessity for administration; the appointment and qualification as administrator by appellant, as well as the preferential claim by N. E. Easter for appointment in the event administration should be decreed, were properly before the court; the correctness of appellant's account was made an issue, and this likewise was determined in the judgment. Many orders, judgments and decrees had been entered in the probate court, and they were all attacked by appellees for the reasons shown. The only one of these orders affected by the district court's order was the one quoted above entered on December 5th, 1936, in which appellant's claim for $2,400 was allowed and approved. The district court entered a full and complete order relating to that item and specifically stated it was in lieu of and to take the place of the one entered by the probate court on the same subject. In this respect the judgment of the court is specific and entirely independent of the judgment entered in the probate court. As to all other judgments, orders and decrees entered in the county court, they were left undisturbed as was prayed for by appellant. We think the substance of the judgment, as rendered, is of more importance than its form; especially is this true when it is sufficiently intelligible that it may effectively be executed. The several decrees and orders rendered in the county court are in the record and are in the minutes of the court to which the district court ordered its judgment certified; and by the expressions contained in the district court order, all of those made in the county court, save the one specifically decreed by the district court, were as effectively adopted by the district court as if they had been rewritten in the same language as in the county court. If we did not think this a fair construction to place upon the judgment, we would be inclined to reverse it because not full and complete, and would render the judgment that we consider the district court should have entered. But, as stated, because of the adoption of the county court's judgments, we believe it sufficient in substance and in form. The assignment of error must therefore be overruled.

■ The appellant has made no complaint at the return of the officer on the process issued out of the probate court, for, indeed, he relies upon its validity for his right to the appointment as administrator. A request was made in his answer for leave to have the return corrected by the officer who made it to show the facts as they actually existed. If evidence was introduced to explain the defective return, it is not before us, for there is no statement of facts. The record shows no order of the court authorizing the correction; yet all this was before the trial court and its judgment indicates a recognition of the validity of the service. We see no reason why, under the circumstances, we should reverse a judgment on grounds not relied upon by appellant, and when no request therefor is made. 3 Tex. Jur. p. 229, sect. 151, and authorities there cited. The matter is not before us by an assignment of error, and therefore it is unnecessary that we pass upon it, and we therefore express no opinion on the effect of that process on the validity of the proceeding.

Believing as we do that substantial justice has been done by the judgment entered, and no error being presented requiring its reversal, we feel impelled to affirm the judgment of the trial court; it is so ordered.