## A. GROESBECK v. ROBERT C. CAMPBELL.

It is error to take judgment against a remote endorser after dismissing as to the maker of a note. Such error should be corrected by appeal or writ of error, not by injunction or bill for new trial.

APPEAL from Austin. Tried below before the Hon. L. Lindsay.

To the Spring Term of the District Court, 1866, R. C. Campbell brought suit against Mrs. M. J. Hannay, maker, and R. B. Hannay and A. Groesbeck, endorsers of a promissory note, of date twenty-eighth of January, 1861.

The defendant, Mrs. M. J. Hannay, pleaded failure of consideration.

On June 13, 1866, a jury was waived and judgment rendered (plaintiff having dismissed as to R. B. Hannay) "that the defendant, M. J. Hannay, be released from all liability on said note and on account of failure of title to the land for which said note was given;   *   *   * that the plaintiff have and recover of the defendant, A. Groesbeck, the sum of eleven hundred and fifty-nine dollars " and costs, etc.

On the judgment executions issued, and on the fourteenth of May, 1868, A. Groesbeck, who is plaintiff in error, obtained a temporary injunction, setting out in his petition carefully a history of the former suit.

The defendant in error, Campbell, filed motions to dissolve for various reasons—want of equity, failure to present defense in original suit, limitation of one year from date of judgment, etc.

Judgment dissolving the injunction and dismissing the bill. From this judgment this writ of error is prosecuted.

*Ben. T. Harris*, attorney for plaintiff in error, cited 17

Texas, 691, McFarland v. Hall; 31 Texas, 5, Took v. Taylor; 14 Howard, 334, Harris v. Hardeman; 31 Texas, 337, Emerson v. Navarro; 4 Wend., 292, Moore v. Hitchcock.

*Hunt & Holland*, for defendant in error, cited 1 Texas, 27, Larson v. Moore; 24 Texas, 526, Seguin v. Maverick; 26 Texas, 317, Lewis v. San Antonio.

WALKER, J.—A judgment against a remote endorser after dismissal as to the maker of the note, was erroneous; but this is not a proper case for injunction after more than one year had elapsed from the date of judgment. (Art. 3931, P. D.) Nor was a bill of review the proper remedy. The case should have been brought up on error. (Art. 1489, P. D.; Larson v. Moore, 1 Texas, 27; Seguin v. Maverick, 24 Texas; Lewis v. San Antonio, 26 Texas, 317.)

There is no prayer in the petition for a new trial on the merits. Error of law is all that is complained of.

The judgment of the District Court is affirmed.

AFFIRMED.