## R. R. PORTER v. E. H. SWEENEY.

(Case No. 1755.)

1. PROBATE COURTS.— It is the province of the probate courts to classify claims when established in any manner.
2. COUNTY COURT.— The county court, for civil business, has no authority to direct an administrator as to how he shall disburse funds of an estate in his hands, and its action has no binding force on any one holding claims against the estate.  Such a court can only establish a claim by its judgment; and, on a copy of that judgment being certified to the probate court, it would there be classified and paid in due order of administration, according to its classification.
3. PROBATE COURTS.— The probate courts are so constituted that they may, without the actual intervention of all parties in interest, make such orders in reference to the settlement of estates and the distribution of their funds among those interested as may be necessary; and this without any other than the general notices to parties in interest provided by statute.
4. SAME.— The probate court, in the exercise of its original jurisdiction to classify claims against estates and direct payment in their due order, cannot be embarrassed by the exercise of any like original jurisdiction in any other court.  Those aggrieved have their remedy by resorting to the appellate jurisdiction of the district court.
5. RENTS — HOMESTEAD.— The rent of the homestead, which does not fall due until after the death of the father (the land on which the homestead is established belonging to the children), constitutes no part of the estate, but belongs to the children free from the claims of creditors.

APPEAL from Brazoria.  Tried below before the Hon. Wm. H. Burkhart.

Suit commenced by a petition to the judge of the eighteenth judicial district in chambers, for a *certiorari* to the county court of Brazoria county for the purpose of revising and correcting the proceedings of said county court in the matter of the estate of C. S. Bennett, deceased, in relation to the classification and payment of the claims against said estate held by the appellants, and that of the appellee A. L. Armstrong.  The writ of *certiorari* was granted by the judge, and the bonds required by his fiat filed and approved. At the May term of said court, 1883, the plaintiff filed a supplemental petition, both defendants answered, and defendant Armstrong filed a motion to dismiss.

The defendant Armstrong presented her motion to dismiss the cause from the docket, which motion was sustained by the court upon the ground that the petition showed no sufficient cause for granting the writ.

*G. W. & F. J. Duff*, for appellants.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— The appellants in their petition for *certiorari* alleged that their claims against the estate of C. S. Bennett were claims of the first class and that they had been so properly established and ranked.

They also alleged that A. L. Armstrong had obtained a judgment in the county court for civil business upon a claim which had been rejected by the administrator, and that in the judgment rendered in that case it was provided that the administrator should pay over the money in his hands in satisfaction of that judgment, which evidenced a claim of the third class against Bennett's estate.

It also alleged that the estate was insolvent, and that the money in the hands of the administrator, which was less than was due to the appellants on their first-class claims, was all of the estate subject to use for the payment of debts.

It also alleged, in effect, that the probate court, on the application of the holders of the first-class claims to have the money applied on their claims, all the necessary parties being before the court, refused to direct the administrator to pay out the money on first-class claims, but directed him to disburse it in payment of the third-class claim in accordance with the judgment of the county court for civil business.

The fact that the appellants sought to intervene in the cause in the county court, in which the claim of A. L. Armstrong was established, and were not permitted to do so, cannot affect any right they have.

It is most probably true that they were not entitled to be heard in that cause or in that court; for it would seem that it pertains to the probate courts, and not to any of the courts to which parties may resort to establish rejected claims, to classify claims when established in any manner. R. S., 2025, 2026, 2029.

In attempting to direct the administrator as to the manner in which he should disburse the funds of the estate in his hands, the county court for civil business exceeded its powers, and its action in so far is not binding on any other person holding claims against the estate. That court could only establish the claim by its judgment, and on a copy of its judgment being certified to the probate court it would then be classified by that court, and would be paid in accordance with its proper classification. R. S., 2029.

If the county court could make such an inquiry as would be necessary, and could direct the disbursement of the funds of the estate, it could draw to itself the entire administration of the estate in so far as claims established in that court by suit were concerned; the

district courts could do the same thing in reference to claims which might therein be established by suit, and it would follow in some cases that an estate would be in course of administration in three courts at the same time. Such a thing was never contemplated, but it is intended that except for the purpose of establishing by suit claims which are rejected, other courts than the probate courts shall have no original jurisdiction over the administration of estates.

The denial by the county court to the appellants of the right to intervene in the suit brought to establish the Armstrong claim evidences the fact that the county court was aware that its jurisdiction in the case extended only to the establishment or final rejection of that claim; and its attempted classification of that claim — for such is the effect of its judgment — must have been a mere inadvertence; for if it had the power to make the order which it did make, it certainly would have been proper to have permitted those who were asserting a claim to the fund ordered to be disbursed, to show their right and to contest the right of the plaintiff in that suit to have the fund.

This would have been proper, and even necessary, before a court with no other jurisdiction than the county civil courts have, could make an order in regard to the disbursement of a fund in which many persons were claiming to be interested.

The probate courts have a jurisdiction given to them in reference to estates which enables them, without the actual intervention of all parties in interest, to make all such orders in reference to the settlement of estates and the distribution of the funds belonging to them among those entitled thereto as may be necessary.

Its jurisdiction is ample in this respect; and without other notice than such general notices as the statutes provide, and without actually in form making parties in interest parties to proceedings in that court, all who are interested in an estate are deemed in law parties, and are bound by its decrees made in the exercise of the jurisdiction conferred on these courts. Lynch v. Baxter, 4 Tex., 431, and citations.

When called on by the creditors, or without being called on to do so by any affirmative action of creditors of an estate, the probate courts have the power, which cannot be embarrassed or taken away by the exercise of original jurisdiction by any other courts, to determine the class of the claim of each and every person who is seen to be a creditor, and to direct an administrator to pay them in their due order.

If, in the exercise of this power, any person interested in an estate is of the opinion that the court has erred in its judgment, the

law gives to such person the right to have that judgment revised on appeal or *certiorari* by a district court.

If it be true that the appellants, as alleged, are the holders of first-class claims, duly established against the estate of the deceased, and there be funds in the hands of the administrator which the holders of such claims were entitled to have, then the probate court should have ordered the money paid to such persons without regard to any judgment which may have been rendered in the establishing of the rejected claim of A. L. Armstrong in the county court.

The parties seem to acquiesce in the proposition that the fund which arose from the rent of the homestead for the year 1881 was assets in the hands of the administrator for the payment of debts of the estate.

The averments of the petition are not so full as to enable us certainly to determine whether the creditors or the minor children of C. S. Bennett are entitled to the fund.

It appears that the estate of Bennett is insolvent; that he died in August, 1881; that he left minor children, and that the rents for which the parties are contending were received by the administrator, who is also guardian, and this for the rent of the homestead for the year 1881.

It does not clearly appear whether the rents were due at the time of the death of C. S. Bennett, or whether a part of the time for which they accrued was still to run at the time of his death.

The general rule is, that even an apportionment of rent is never made, under the common law, in reference to length of time of occupation; but whoever owns the reversion at the time the rent falls due is entitled to the entire sum then due. 1 Washburn on Real Property, 127, 519; 2 id., 289; Story's Equity, 475; Wood's Landlord and Tenant, 476; Burden v. Thayer, 3 Metc., 76; Martin v. Martin, 7 Md., 376; Bank of Pennsylvania v. Wise, 3 Watts, 396.

The estate being insolvent, the homestead vested absolutely in the minor children on the death of the father, it not appearing that there were other members of his family who could take; and if the rent did not fall due until after the death of the father, then the rent would constitute no part of the estate, but would vest in the children by reason of their being the owners of the land, out of which the rents issued, at the time the same became due, and hence, if such is found to be the fact, none of the creditors would have any claim on this fund.

It is alleged that since the institution of this proceeding the administrator has paid the fund to the creditor holding the third-

class claim; if so, the courts still have the power to determine and enforce the rights of the parties, as they may appear to be on final trial.

The petition was dismissed on the general ground that it stated no cause of action, and not on any special exception, and we are of the opinion that the court erred in this respect, and for this reason the judgment will be reversed and the cause remanded, that such inquiries may be made hereafter as will show clearly to whom the fund ought to be paid; and if improperly paid out, such payment may be set aside and the money called in and properly appropriated by the probate court in accordance with such judgment as the district court may render; and it is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered February 27, 1884.]