## HENSLEY v. HILL.

No. 18496. Opinion Filed July 10, 1928.

(Syllabus.)

1. **Landlord and Tenant—Rents not Yet Due Payable to Purchaser of Land.**

The rule is well settled that rent is an incident to the reversion, and under an un-qualified grant of the land by the lessor, all rents that become due after the transfer pass to the grantee.

2. **Same—Rent Payable to Owner of Land at Time Due.**

The general rule is that the rent is payable to the owner of the land at the time the rent becomes due.

3. **Same—Set-Off and Counterclaim—Action by Grantee Against Lessee for Rent —Debt Owed Lessee by Grantor not Proper Set-Off.**

Dent falling due after the lessor in an agricultural lease has conveyed the land goes to his grantee, and in a suit by the grantee against the lessee to collect such rent, a debt due the lessee by the grantor cannot be allowed as a set-off against the grantee.

Error from County Court, Kiowa County; J. S. Carpenter, Judge.

Action by Thomas J. Hill against E. L. Hensley. Judgment for plaintiff, and defendant appeals. Affirmed.

Clayton Carder, for plaintiff in error.

Tolbert & Hunter, for defendant in error.

HEFNER, J. This action was begun in the county court of Kiowa county by the defendant in error, Thomas J. Hill, as plaintiff, against the plaintiff in error, E. L. Hensley, as defendant. The plaintiff alleged that John C. Nass owned certain lands in Kiowa county, and that on September 22, 1925, E. L. Hensley, the defendant, entered into a written farm lease whereby the defendant leased the farm for agricultural purposes for the year 1926; that on January 22, 1926, John C. Nass sold the farm above described to the plaintiff, Thomas J. Hill; that three days atferwards John C. Nass assigned in writing all of his right to said lease agreement to the plaintiff; that the lease provided for a crop rental of one-third of the grain produced thereon; and that the defendant refused to pay the plaintiff his portion thereof; and prayed for judgment in the sum of $384.39. The defendant filed an answer in which he pleaded that John C. Nass at the time of the conveyance of the real estate and the assignment of the lease was indebted to him in the sum of $500, and asked that he be allowed a set-off against the claim of the plaintiff in this amount.

The second, fourth, fifth, sixth, and seventh paragraphs of the answer in effect allege that John C. Nass, the grantor of the plaintiff, was indebted to the defendant in the sum of $500 due the defendant for a

commission on the sale of the farm on which the defendant had the agricultural lease.

A demurrer was interposed to the above paragraphs of the answer, and as grounds therefor stated they did not state facts sufficient to constitute a defense, nor facts sufficient to constitute a counterclaim or set-off. The trial court sustained the demurrer, and the defendant announced that he elected to stand upon his answer and refused to plead further, and further announced that he refused to offer or introduce any evidence under the general denial remaining in his answer after the demurrer was sustained. The court found the issues in favor of the plaintiff, and rendered judgment against the defendant for the sum of $384.39.

The defendant urges that the court erred in sustaining the demurrer interposed by the plaintiff. It is apparent that the question involved here is not so much the matter of a set-off as it is the matter of the ownership of the rents. The answer of the defendant was in the nature of a set-off. He claimed that the grantor of the plaintiff was indebted to him in the sum of $500 for commission due him in the sale of the farm.

The ninth paragraph of the agricultural lease provided that the defendant should pay the lessor as rent one-third of all the wheat, one-third of all the corn, and one-third of all the oats harvested on said land. The lease also provided that the lessor should pay one-third of the threshing bill. The pleadings show that the plaintiff paid this bill.

The plaintiff purchased the land from defendant's lessor by general warranty deed before the rents were due or the crops had been harvested, and on the 22nd day of January, 1926. The deed was duly placed of record and no reservation was made in the deed of the rents thereafter to become due. Under the rental contract, the rents did not become due until the crops had been harvested.

Assuming that the allegations in the answer are true with reference to the $500 commission, undoubtedly John C. Nass, the grantor of the plaintiff, owed the defendant that amount at the time the land was sold to the plaintiff, and assuming that Nass owned the rents, in a suit by him to collect the rents the defendant could claim the set-off against him for the commission. Who,

then, is entitled to the rents? If Nass is entitled thereto, the plaintiff cannot recover, for, before he can recover, he must show his ownership. If he is not entitled to the rents and the plaintiff is entitled to them, the set-off should not be allowed, because the rents belong to the plaintiff and the plaintiff is not indebted to the defendant, and the trial court committed no error in sustaining the demurrer to that portion of the answer which alleges the set-off.

The land was conveyed to the plaintiff by general warranty deed long before the rentals were due and the rentals were not reserved in the deed nor in any other manner. If the defendant had not had a rental contract he would even then be liable to the proper person for the rent under section 7359, C. O. S. 1921, which provides that the occupant of any land without special contract shall be liable for the rent to any person entitled thereto.

The common law relating to the ownership of growing crops is in force in this state with certain exceptions which are not involved in this case. In the case of Phillips v. Keysaw et al., 7 Okla. 679, 56 Pac. 696, it is said:

"At common law, growing crops, produced by annual labor aand cultivation, which are called 'fructus industriales,' for some purposes form a part of the real estate to which they are attached; and unless there has been a severance of them from the land, actual or constructive, they follow the title thereto. For other purposes they are regarded as personalty. In the case of voluntary conveyances of the land, where the growing crop is owned by the grantor, they passed by the conveyance of the land, unless specially reserved by the grantor, whether the instrument of conveyance evidences an absolute sale, a mortgage, or a lease of the land. Where the land is sold under foreclosure or under execution, the purchaser of the land acquires title to the crops; and when there is a recovery of possession of land held adversely the successful plaintiff is entitled to the growing crops as against the evicted defendant who planted them."

The above case announces the correct rule in this state. The crops involved in this litigation had not been severed from the land at the time plaintiff purchased the same, and they follow the title thereto. The lessor of the land under the lease contract was entitled to receive one-third of the corn, wheat, and oats when the same was severed from the land. The rental was not due until it was severed.

In the case at bar, there was a voluntary

conveyance of the land and the crops passed by the conveyance unless specifically reserved by the grantor, and this was not done. There is some confusion upon the question as to whether growing crops are a part of the realty or whether they are personal property. For some purposes, they are part of the realty, while for other purposes they are personalty. As applied to the facts in this case, they must be considered a part of the realty.

In the case of Hearne v. Lewis (Tex.) 14 S. W. 572, it is said that the entire rent reserved on a lease for the term belongs to the owner of the fee when it becomes due, although such owner acquired the fee during the term. In that case H. L. Lewis rented the land for the year 1887 and executed his note for the rent payable to his lessor on the 1st day of November, 1887. On the 12th day of May, 1887, Adeline M. Lewis purchased the farm and the title thereto was vested in her, nothing being said at the time about the rent for the year 1887. The original lessor brought suit to enforce payment of the note and the lessee answered, admitting liability on the note and that Adeline M. Lewis claimed that she was entitled to the rent money due on the note, and asked that the court determine to whom he should pay the money. Adeline M. Lewis answered and claimed the rent by virtue of her purchase of the land before the rent became due. The note was not delivered to her at the time she purchased the land, but was retained in the possession of the original lessor. The trial court held that Adeline M. Lewis, the purchaser of the land, was entitled to the rents in the amount of the note. On appeal to the Supreme Court of Texas, that court said:

"The question of controlling importance, and the only one we deem it necessary to consider, is: Did the rent not due pass to Adeline M. Lewis with the purchase of the fee? In the case of Porter v. Sweeney, 61 Tex. 216, it is said: 'The general rule is that even an apportionment of rent is never made, under the common law in reference to length of time of occupation, but whoever owns the reversion at the time the rent falls due is entitled to the entire sum then due.' No reservation of the rent having been made at the time Adeline M. Lewis acquired title to the land, the general rule applies, and she, being owner of the fee at the time the rent became due, was the owner of the rent. We are of the opinion that the judgment of the court below should be affirmed."

Suppose Nass, the grantor of the plaintiff, had brought suit against the defendant to recover the rents herein involved. He could not have procured judgment therefor, because he could not have shown ownership. After he conveyed the land to the plaintiff by general warranty deed without a reservation of the rents, independent of his separate assignment of the lease, he parted with all his right, title, and interest in and to any rents that were not due and payable before the delivery of his deed. Rents not due must follow the title to the land in the absence of any special agreement to the contrary.

If the crops had been harvested, thereby maturing the rents under the lease contract, prior to the time plaintiff purchased the land, then the plaintiff would not be entitled thereto, and in such a case he could not recover therefor. In this case, however, the rents were not due until after the plaintiff purchased the land, and he is, therefore, entitled to the same, and in a suit to collect therefor the defendant cannot plead as an offset against him an indebtedness against his grantor.

The judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 36 C. J. p. 364, §1206. (2) 36 C. J. p. 364, §1205. (3) 36 C. J. p. 410, §1326.