**JOHNSON et al. v. WHATLEY et ux.**

No. 9646.

Court of Civil Appeals of Texas. Galveston.

Jan. 2, 1932.

Rehearing Denied Jan. 28, 1932.

J. B. Talley, of Temple, for appellants.

Bowers & Bowers, of Caldwell, for appellees.

PLEASANTS, C. J.

The following sufficient statement of the nature and result of the suit is copied substantially from appellants' brief:

This suit was filed in the district court of Burleson county by J. R. Whatley and wife, Lena Whatley, against Nat Johnson and Clint D. Lewis, sheriff of Burleson county, Tex. Plaintiffs' petition alleges that on May 22,

1929, said Johnson recovered judgment against J. R. Whatley and Lena Whatley for the sum of $463.76, with interest and costs, together with the foreclosure of a judgment lien against one tract of 223⅓ acres and another tract of 10⅔ acres of land, situated in Burleson county; that an order of sale was issued on said judgment for the sale of said lands and placed in the hands of said Lewis, as sheriff, for execution; and that he levied upon said lands and advertised the same for sale on the first Tuesday in August, 1929. Said Whatley and wife alleged that they were temporarily residing in Harris county, but that their home was situated in Burleson county, and that said tracts of land constituted their homestead, and prayed for an injunction restraining said Johnson and Lewis, as sheriff aforesaid, from selling said lands, and that on trial the injunction be made permanent (Tr. 2–6).

The petition for injunction was considered by the district judge in chambers, who ordered the clerk to issue a writ of injunction in all things as prayed for on execution of bond by said Whatley and wife (Tr. 6, 7). Whatley and wife, with sureties, executed the bond, which was approved and filed by the clerk on August 3, 1929 (Tr. 7, 8); and thereupon the clerk issued the writs of injunction which were served on said Johnson and Lewis, as sheriff aforesaid, restraining them from selling said lands (Tr. 8–22).

The defendants' answer contains: (1) General and special demurrers; (2) general denial; (3) pleas of res adjudicata; (4) the plea that the two tracts contain more land than the plaintiffs could lawfully claim as a homestead; and (5) that the homestead designation filed by the plaintiffs on the deed records on November 7, 1928, was insufficient because filed after Nat Johnson filed a judgment lien against said Whatley and because he did not sufficiently describe the lands designated as homestead (Tr. 22–28). The defendants attached to and made a part of their petition copies of the following papers in cause No. 10,522 in said court, in which judgment of foreclosure was entered, to wit: Copy of the original petition filed by Nat Johnson against J. R. Whatley and wife (Tr. 29–31); a copy of the amended original answer filed by Whatley and wife claiming homestead in the lands (Tr. 32, 33); a copy of the supplemental petition filed by Nat Johnson denying the homestead claim (Tr. 33–35); and a copy of the judgment foreclosing the judgment lien on the lands (Tr. 35–38).

Nat Johnson also filed a plea in reconvention against the plaintiffs for statutory penalty of ten per cent. for suing out injunction for purpose of delay (Tr. 38–40).

On June 9, 1930, the court heard the defendants' general and first special exception to the plaintiffs' original petition and sustained the demurrers as to the land in excess of 200 acres, but overruling the demurrers as to the north 200 acres of land in controversy, to which ruling both plaintiffs and defendants excepted and the court continued the cause to the next term for a hearing on its merits (Tr. 41).

Before trial the plaintiffs filed their first supplemental petition alleging that the judgment of foreclosure entered on May 22, 1929, in favor of Nat Johnson against Whatley and wife, was void as to the north 200 acres of the 234.82 acres of land (Tr. 42, 43), to which supplemental petition the defendants filed their exceptions (Tr. 44).

A jury not being demanded, the cause was tried to the court November 12, 1930, and the court again heard and considered all of the demurrers presented in the defendants' amended original answer and supplemental answer and overruled all said demurrers, except it sustained the demurrer to that part of the petition claiming 34.82 acres of land more than plaintiffs could lawfully claim as a homestead and the demurrer to the plaintiffs' prayer for attorney's fees; and on the merits entered its decree reforming and correcting the judgment entered in the previous suit on May 22, 1929, and held that the north 200 acres of the land was the homestead of Whatley and wife, and made the temporary injunction permanent as to the north 200 acres, but dissolved the injunction as to the remaining 34.82 acres; and that Nat Johnson take nothing by his plea in reconvention.

The second proposition presented in appellants' brief is, in substance and effect, that the pleadings of both parties and the uncontradicted record evidence in this case show that the identical issue upon which appellees' cause of action is founded was pleaded by appellees in defense of the cause of action asserted against them by appellant Nat Johnson in cause No. 10522 in the court below in which appellant Nat Johnson was plaintiff and these appellees were defendants, and was decided against appellees by the judgment rendered in that suit, and therefore the trial court erred in not sustaining appellants' plea of res adjudicata and rendering judgment in favor of appellants dissolving the temporary injunction theretofore granted appellees in its entirety. We think this proposition should be sustained.

The record discloses that the lien upon all the land involved in this suit was established and foreclosed in favor of appellant Nat Johnson against the appellees by a judgment of the court below rendered on May 22, 1929, in a suit for that purpose brought by appellant Johnson against the appellees, and that said judgment has not been set aside nor appealed from and was in full force and effect at the time of the trial of this suit. In the former suit in which the foreclosure

judgment was rendered, upon which the order of sale sought to be enjoined in this suit was issued, the appellees pleaded in defense of Johnson's suit their homestead claim to the land. The judgment in the former suit is as follows:

"On this the 22nd. day of May, 1929, at a regular term of Court, came on for trial the above numbered and entitled cause, the same having heretofore been set for trial on this date, and thereupon came the plaintiff in person and by attorney, but the defendants, J. R. Whatley and Lena Whatley, though duly cited in the manner and for the length of time required by law, and having filed their original answer and amended original answer herein, came not; the defendant, Joseph Wondrash, having filed herein his written waiver of the issuance and acceptance of service herein, came not, and the defendant C. A. Bain, having filed herein his written waiver of the issuance and acceptance of service herein, appeared in person. The plaintiff, having announced ready for trial and a jury not being demanded, the issues of fact as well as of the law were submitted to the Court, and the Court having heard the pleadings and the evidence and having fully considered the same, is of the opinion and finds that both the law and the facts are with the plaintiff and that the defendant, J. R. Whatley, is indebted to the plaintiff, Nat Johnson, on a certain judgment recovered by the said Nat Johnson against the said J. R. Whatley in the County Court of Bell County, Texas, on the 2nd day of August, 1927, in the sum of Four Hundred Sixty Three and 76/100 Dollars ($463.76) with interest thereon from August 2nd. 1927, at the rate of ten (10) per cent per annum and the further sum of Thirteen and 15/100 Dollars ($13.15) costs of Court accrued in the County Court of Bell County, Texas, and that the lands described in plaintiff's petition and hereinafter described are not the homestead of said J. R. Whatley and Lena Whatley and that the judgment liens of the said Joseph Wondrash and C. A. Bain are subordinate and inferior to the lien of the plaintiff.

"It is therefore ordered, adjudged and decreed by the Court that the plaintiff, Nat Johnson, do have judgment against the said J. R. Whatley, Lena Whatley, Joseph Wondrash and C. A. Bain for the foreclosure of the plaintiff's judgment lien on the lands hereinafter described as said lien existed on the 19th day of August, A. D. 1927, and that said lands be sold to satisfy the judgment due by said J. R. Whatley to the said Nat Johnson, with interest and costs of Court as above set forth and of the costs accrued in this cause, which said tracts of lands are situated in Burleson County, Texas, and are described as follows, to-wit:"

(Here follows field notes of the identical land involved in the present suit.) The court further adjudged and ordered that an order of sale issue to the sheriff of Burleson county directing him to seize and sell the land as under execution in satisfaction of the judgment rendered against the appellees, defendants in said judgment.

■ It is hardly necessary to cite authorities to sustain the proposition that this judgment is upon the face of the record a complete bar to appellees' present suit to enjoin the sale of the land on the ground that it is their homestead. They have had their day in court on that issue, and in the absence of allegations and evidence of fraud on the part of the appellant Johnson in the procurement of the judgment, the issue of homestead cannot now be retried. Tadlock v. Eccles, 20 Tex. 782, 73 Am. Dec. 213; Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79; Chilson v. Reeves, 29 Tex. 276. There are no allegations of fraud in the pleadings, nor was any evidence offered tending to show any fraud in the procurement of the foreclosure judgment. Appellees testified that they were not present when the former case was tried because their attorneys, who filed their answer in that suit setting up their homestead claim to the land, told them that it was unnecessary for them to attend the trial because their designation of the land as their homestead was of record in Burleson county and the court would know it. Appellee J. R. Whatley testified: "My lawyers told me that we need not appear at the trial as the Court would have before him the designation of the homestead we had filed and would not grant a foreclosure on our homestead, and for that reason we did not appear at the trial."

■ It goes without saying that this evidence cannot be considered as any grounds for depriving appellant Johnson of the benefit of the judgment fairly obtained by him.

■ The recitals in the judgment in this case perpetuating the injunction as to 200 acres of the land, to the effect that if the court had known the fact as to appellees' homestead claim to the land he would not have rendered the former judgment establishing and foreclosing a lien thereon in favor of appellant Johnson, are wholly impotent to sustain the judgment. The court had jurisdiction of the subject-matter and the parties to the foreclosure suit, and the judgment in that suit is in no sense a void judgment, but is valid and binding upon its face, and the court was without power under the pleadings and evidence in this suit to correct any mistake he may have made in the former suit.

This conclusion renders unnecessary a dis-

cussion or determination of the remaining propositions presented in appellants' brief.

The error of the court in not sustaining the plea of res adjudicata requires that the judgment be reversed and judgment here rendered in favor of appellants, and it has been so ordered.