### MURRY et ux. v. CITIZENS' STATE BANK OF RANGER, TEX.

No. 1354.

Court of Civil Appeals of Texas. Eastland.

Dec. 7, 1934.

Rehearing Denied Jan. 11, 1935.

Marion R. McClanahan, of San Antonio, for appellants.

L. R. Pearson, of Ranger, for appellee.

FUNDERBURK, Justice.

This suit was brought in justice's court by Rural Murry and wife against the Citizens' State Bank of Ranger, Tex., to set aside a judgment by default previously taken by said bank against the plaintiffs in a suit upon a promissory note upon which both the plaintiffs were signers. The judgment of the justice's court being against the plaintiffs, they appealed to the county court where the matters in controversy were submitted as an agreed case under the provisions of Rev. St. 1925, art. 2177. The county court gave judgment, as in the justice's court, against the plaintiffs, from which they have appealed.

The grounds upon which it was sought in this case, in the nature of a bill of review, to set aside a judgment by default after expiration of the term at which it was rendered, were that the citations issued by the justice of the peace were not dated as required by law, but bore an impossible date, and required the appearance of the defendants at an impossible time by reason whereof the citations were void and the court was without jurisdiction of the persons of the defendants. Another ground was that Mrs. Murry was a married woman, and the record affirmatively showed that no legal, or valid, action was as-

serted against her, in that it did not appear by the pleadings and record that the debt represented by the note sued upon was for the benefit of her separate property, or any other fact, or facts, that would authorize judgment against her thereon. It was further contended that, since the cause of action against the defendants was joint, the judgment was indivisible and, therefore, if it should be set aside as to Mrs. Murry, it should also be set aside as to Mr. Murry.

It is sufficient to say that in the agreed statement of the case no fact was stated to show any excuse why the plaintiffs did not move for a new trial, or appeal the case to the county court, or take it there by certiorari. There was no statement of any fact to show that Mrs. Murry was not liable on the note; the only statement in that regard being that the pleadings and proof were silent as to whether the execution of the note by Mrs. Murry was for the benefit of her separate property, or estate, or for necessaries furnished herself. There was no statement of any fact that Mr. Murry was not liable on the note. No offer was made to pay any amount that he might be liable for, and there was no pretense at invoking the jurisdiction of the court to litigate the subject-matter of the defendants' liability on the note; but the only purpose of the suit as disclosed by the petition was merely to set aside the former judgment, and presumably to leave the subject-matter of the suit as though no judgment had been taken.

■ We conclude that the judgment of the court below to the effect that plaintiffs take nothing by their suit is correct. In the first place, we are of the opinion that the citation was sufficient. It plainly commanded the officer to summon the defendants to appear "at a regular term of the justice's court for precinct No. 2 in the county of Eastland, Texas, to be held at my office in the city of Ranger, Texas in said county, on the 13th day of August, 1931." If by a hypercritical construction the date of the issuance of the citation was not plainly stated on the face thereof, it was clearly stated on the back thereof, whereon appears this recitation, "Issued the 18th day of July, A. D. 1931."

■ But even if there was any irregularity in the service there could be no relief by bill of review in the absence of several things not shown in this record. Where no absolute want of jurisdiction appears a bill of review cannot be made to serve the purposes of an appeal to correct errors in a judgment. A bill of review is an action which invokes the purely equitable powers of the court. Equity principles and maxims must be observed. "Something more than that injustice may have been done must be shown." 25 Tex. Jur. 598, § 194. If plaintiffs had notice, or knowledge, of the judgment, or were chargeable with such knowledege in time to have moved for a new trial, or to have appealed, or sought by certiorari to review the judgment in the county court, then no right to revise the judgment by bill of review existed. To show the existence of such right it was necessary to allege and prove as facts that no such opportunity existed. 25 Tex. Jur. p. 638, § 224. It was not a sufficient showing that the pleadings and evidence did not establish the fact of Mrs. Murry's liability. It was necessary to plead and prove the facts to show that she was not liable. In other words, it was necessary to plead and prove the facts to show that the defendant had a meritorious defense. 25 Tex. Jur. 661, § 238.

■ Besides all else the suit was in fact but a motion for new trial, filed after the expiration of the term. To be good as an action in the nature of a bill of review it was necessary for the pleadings to tender the proper issues to enable the court, upon their determination, to render final judgment settling the rights of the parties in regard to the note.

We, therefore, conclude that the judgment of the court below should be affirmed, and it is accordingly so ordered.