### MERCER v. CAMPBELL.
### · No. 1496.

Court of Civil Appeals of Texas. Eastland.
Oct. 11, 1935.

H. M. Wade, of Rockwall, for appellant.

Mike Reinhardt, of Rockwall, for appellee.

GRISSOM, Justice.

Appellant filed suit against appellee in the county court of Rockwall county on a promissory note. Citation issued requiring the appearance of appellee at the next regular term of said court, which term began on the 2d day of July, 1934, and which citation, according to the officer's return thereon, was served on the appellee on June 20, 1934. Thereafter, on the 21st day of July, judgment by default was entered against appellee herein.

At a subsequent term of said court a hearing was had on what is denominated by appellee as its "motion to set aside judgment and to quash execution." There is no allegation in the motion, or bill of review, as to when the appellee discovered that a default judgment had been taken against him. No reason is alleged why he did not appear at the same term of court at which the judgment was entered and file a motion for a new trial setting up the grounds alleged in the bill of review, or appeal; nor is there any allegation of an excuse for failure to pursue his legal remedies, nor that such remedies were inadequate. The Supreme Court of Texas, in the case of Caperton v. Wanslow, 18 Tex. 125, under a similar situation reversed a judgment setting aside a default judgment because the petition did not distinctly allege that the defendant in said default judgment did not know of the judgment until after the term. Judge Wheeler, in writing the opinion for the court, used this language: "It is the well settled doctrine of this Court, that, to entitle a party to have the judgment of a former Term set aside and a new trial awarded, he must make out a case which would have entitled him to a new trial, if applied for at the Term, and show a sufficient legal excuse for not having then made his application [Cook v. De la Garza], 13 Tex. [431], 444; Spencer v. Kinnard, 12 Tex. [180], 181; Goss et al. v. McClaren, 17 Tex. [107, 67 Am. Dec. 646]. The petitioner has manifestly failed to bring his application within the rule. No excuse is shown for not having made the application within the Term. It is not averred that the party did not know of the judgment rendered against him until after the Term. That inference may be deduced argumentatively, from the averment that he understood that the cause was to be continued. It ought to have been distinct-

**812**

ly averred; and not left to inference merely."

The rule is laid down by the Commission of Appeals of Texas in the case of Gehret et ux. v. Hetkes, 36 S.W.(2d) 700, 702, in the following language: "A positive averment of a valid excuse for not obtaining relief by a motion for new trial is essential in a bill of review to set aside a judgment after the expiration of the term at which it was rendered"—citing Ragsdale v. Green, 36 Tex. 193; Vardeman v. Edwards, 21 Tex. 737, 740; Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684. Also, see, Murry et ux. v. Citizens' State Bank of Ranger (Tex. Civ. App.) 77 S.W.(2d) 1104, and Reynolds v. Volunteer State Life Ins. Co. et al. (Tex. Civ. App.) 80 S.W.(2d) 1087.

Treating the so-called motion as a bill of review, and conceding for the purpose of this appeal that it is otherwise sufficient as such, still the cause must be reversed because of the failure of the appellee to make the allegations excusing himself from filing a motion for a new trial during the term at which the default judgment was entered and pursuing his legal remedies with diligence. 25 Tex. Jur. § 239; 17 Tex. Jur. § 28.

Reversed and remanded.