**PRICE et al. v. SMITH et al.**

No. 1695.

Court of Civil Appeals of Texas. Eastland.

Oct. 15, 1937.

Rehearing Denied Nov. 24, 1937.

Thomas R. Smith, of Colorado, Tex., for appellants.

Mays & Perkins and P. Edward Ponder, all of Sweetwater, for appellees.

GRISSOM, Justice.

Jack Smith was appointed by the probate court of Mitchell county administrator of the estate of Chas. Mann, deceased, and duly qualified. Lincoln National Life Insurance Company presented its claim, asserting it was a secured creditor of the estate, which claim was in part allowed, conditioned upon a release being executed by the claimant of a lien against the Mann homestead. (The claim was based on notes and a deed of trust executed by Lena Smith Mann and Chas. Mann, deceased.) The allowed portion of said claim was approved by the court, subject to said release, and ordered paid. Apparently, the payment of the approved portion of said claim as a secured claim exhausted the remaining assets of the estate in the hands of the administrator, claims having priority having been paid, and left nothing for the payment of claims of unsecured creditors.

Appellants, R. P. Price et al., unsecured creditors of the estate, long after the payment of the claim of Lincoln National Life Insurance Company, brought this suit in the county court in the nature of a bill of review to set aside the order of the probate court approving said claim. In appellants' unverified petition it was alleged that appellants did not know of the approval of the claim of Lincoln National Life Insurance Company and of the order for payment thereof until after the period within which they might appeal had elapsed; they alleged that upon such discovery they filed an application for writ of certiorari in the district court; that it was dismissed for want of jurisdiction; that appellants then instituted a suit in the district court to set aside the order of the probate court approving said claim and that this petition was dismissed for want of jurisdiction; then the present suit was instituted in the county court on behalf of appellants and all other unsecured creditors of the estate to set aside said order of the probate court, in which appellants prayed for a judgment vacating and annulling the allowance of said claim, the approval by the court and the order of payment, and for an order commanding said insurance company to pay over to the administrator the money collected by it, and that such money be held by the administrator for the payment of claims against the estate, etc.

Appellants appealed from the decision of the probate court to the district court. That court sustained appellees' plea to the jurisdiction and general demurrer to the petition, and, upon appellants declining to amend, dismissed the suit, from which action of the court appellants have appealed to this court. Said insurance company, the administrator, and Mrs. Lena Smith Mann are the appellees.

Appellees contend that appellants, unsecured creditors of the estate, cannot avail themselves of a bill of review to set aside said order of the probate court approving said claim, and that the only remedy for such dissatisfied creditor is an appeal to the district court from the order of the probate court.

In Jones et al. v. Wynne et al. (Tex. Civ.App.) 104 S.W.(2d) 141, 144, the court said:

"We are of opinion that the action of the Legislature, in expressly providing in article 3525 for an appeal to the district court, was intended to make this method of review an exclusive remedy. This is the opinion of the Supreme Court in De-Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16; see, also, Eastland v. Williams, 92 Tex. 113, 46 S.W. 32; Logan v. Gay, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255; Jones v. Williams (Tex.Civ.App.) 14 S.W.(2d) 300 (writ of error dismissed); Bolton v. Baldwin (Tex.Civ.App.) 57 S.W.(2d) 957 (writ of error dismissed); Jones v. Silverman (Tex.Civ.App.) 84 S.W.(2d) 1013.

"It is true that the cases cited and quoted from arose in guardianship proceedings, but no good reason can be advanced why the doctrine should not apply equally as well in administration of estates. We have pointed out above the various chang-

es in the statutory law, and have applied the reasoning of the Supreme Court showing the applicability of its holdings to the case at bar."

The authorities cited in the above quotation are relied on by appellees to sustain their proposition. However, since the filing of briefs in this case, the Supreme Court granted a writ of error in said case with the following notation: "The court erred in overruling appellants' first assignment of error, as follows: The court erred in sustaining defendant's general demurrer and dismissing plaintiffs' petition for want of jurisdiction, because plaintiffs' petition for certiorari alleged that Helen M. Jones was merely a surety upon the note of the administrator and that no suit had been had against the principal maker of the note, in which event the approval of the claim by the probate court was void and was subject to be set aside upon proceeding for certiorari."

We think appellees' proposition is not entirely correct. A probate court may set aside its order and judgments after the expiration of the term for fraud or want of jurisdiction in a direct suit for that purpose instituted in the court in which the judgment was rendered; such suit is a proceeding in equity, not a statutory bill of review, but in the nature of a bill of review. In 13 Tex.Jur. § 54, p. 639, it is said: "But while it is true that the probate court may not revise its own judgment rendered at a previous term, it may, in common with the other courts, set aside its order or decrees for fraud or want of jurisdiction; and a bill of review or a similar proceeding may be maintained for this purpose." Hicks v. Oliver, 78 Tex. 233, 14 S.W. 575; Edwards v. Halbert, 64 Tex. 667, 669; Fortson v. Alford, 62 Tex. 576.

It is not shown that the order approving the claim was void for want of jurisdiction; the court had jurisdiction of the persons and subject-matter involved. Stegall v. Huff, 54 Tex. 193. But before appellants can in this equitable proceeding set aside the order of the probate court entered at a former term they must excuse their failure to appear and contest the claim and to appeal to the district court in addition to showing a meritorious defense. 25 Tex.Jur. §§ 224, 239.

In Nevins v. McKee, 61 Tex. 412, 413, the court said:

"A court of chancery has power to grant such relief, but it will not do so except upon facts which show the clearest and strongest reasons for its interposition.

"It was held by this court in Johnson v. Templeton, 2 Tex.L.Rev. 269 (60 Tex. 238), that it is not sufficient to show that injustice has been done, or that the plaintiff had a good defense which he was prevented from making upon the trial. But he must further show that he has not resorted to chancery because of any inattention or negligence on his part. *He must show* a clear case of diligence as well as of merit; *that he has a good defense which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part.*" (Italics ours.)

To the same effect, see Stewart v. Byrne (Tex.Com.App.) 42 S.W.(2d) 234, 236. In Harding v. W. L. Pearson & Co. (Tex. Com.App.) 48 S.W.(2d) 964, 965, the rule in such cases, without reference to failure to appeal was stated in an opinion by Justice Sharp, as follows: "The rule is well established in this state that to obtain a new trial after the expiration of the term something more than that injustice has been done must be shown. It must appear: (1) That the former judgment was not caused by any negligence on him who seeks to set it aside, but that diligence was used to prevent it; (2) that he had a good defense to the action, *which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own;* (3) that there is good cause to believe that a different result will be obtained by a new trial; and (4) the pleadings and issues of the former suit, and its result, must be set forth distinctly and clearly. It has also been established that bills seeking relief from final judgment, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 412; Sharp v. Schmidt, 62 Tex. 263; Humphrey et al. v. Harrell (Tex.Com.App.) 29 S.W.(2d) 963; Empire Gas & Fuel Co. v. Noble et al. (Tex.Com. App.) 36 S.W.(2d) 451."

In Bearden v. Texas Co. (Tex.Civ.App.) 41 S.W.(2d) 447, 462, the court said:

"As said in Freeman on Judgments, vol. 3 (5th Ed.) § 1233 p. 2567: 'It must be borne in mind that it is not fraud in the cause of action, but fraud in its management which entitled a party to relief. *The fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment.* If the cause of action is vitiated by fraud, this is a defense which must be interposed, and *unless its interposition is prevented by fraud, it cannot be asserted against the judgment;* "for judgments are impeachable for those frauds only which the court has been imposed upon or misled into a false judgment. *They are not impeachable for frauds relating to the merits between the parties.* All mistakes and errors must be corrected from within by motion for a new trial, or to reopen the judgment, or by appeal." *The fraud must be "in some matter other than the issue in controversy in the action."* ' [Italics ours.]

"To the same effect was the opinion in Reed v. Bryant (Tex.Civ.App.) 291 S.W. 605, and authorities there cited. See, also, 34 C.J. 473–478; 15 R.C.L. pp. 471–478.

"It is to be noted further that in a suit in equity to vacate a judgment, such as the ones now before us, the court does not act in a revisory or appellate character; and in the absence of extrinsic facts justifying relief, such as fraud, accident, or mistake, if the court had jurisdiction and lawful authority to render it, the judgment must be taken as conclusive, even though it should appear to be clearly erroneous upon established facts, or resulted from erroneous admissions or exclusions of testimony, or erroneous conclusions of law drawn from the facts, or from pleadings which are the basis of the judgment. Freeman on Judgments, vol. 2, § 727, p. 1538; Id. vol. 3, § 1214, p. 2521."

The judgment of the Court of Civil Appeals in Bearden v. Texas Co., supra, was affirmed by the Commission of Appeals in an opinion by Justice (then judge) Critz found in 60 S.W.(2d) 1031:

"Bills seeking relief from final judgments solemnly rendered by courts of competent jurisdiction are narrowly watched by courts of equity, and the grounds for their interference are restricted. Something more than that injustice may have been done must be shown. Relief is granted only in the exercise of equity powers and upon a satisfactory showing that the complaining party has been injured by the rendition of the judgment in an action or proceeding *where he could not present his claim* of [or] defense, as the case may be, *either because the court was not competent to hear and pass upon it, or because he was prevented, without fault or negligence on his part,* or on the part of one whose negligence or mistake will be imputed to him, *from urging his cause of action or defense by fraud, accident, or the acts of the opposing party, or by uncontrollable circumstances, sufficient to justify the interposition of equity.*

" 'That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest.'

"Although equitable relief will be given when the judgment attacked is void for lack of jurisdiction over the subject matter or the parties, or when it is shown that the judgment was procured by fraud, accident or mistake, in our practice a bill of review may not be used as a substitute for an appeal or writ of error to review errors or mistakes into which the trial court may have fallen." 25 Tex.Jur., pp. 597–600, inclusive. (Italics ours.)

 The action of the court in approving appellees' claim after it had been allowed by the administrator had the effect of a final judgment. Article 3525. The right existed to appeal therefrom to the district court. Article 4252; 14 Tex. Jur. § 331, p. 83; § 379, p. 159. The appellants, unsecured creditors of said estate, had such interest in said estate and proceedings that they had the right to appear and contest the allowance of appellees' claim and the right to appeal from the order allowing the claim to the district court. If they desired to oppose the claim, it was their duty to appear and contest its approval; if they were dissatisfied with the judgment, it was their duty to appeal. Phillips v. J. B. Watkins Land-Mortg. Co., 90 Tex. 195, 200, 38 S.W. 270, 470. The action of the probate court in approving the claim was in the nature of a proceeding in rem, of which all parties in interest are required to take notice. 21 Tex.Jur. p. 206; Moore v. Wooten (Tex.Com.App.) 280 S.W. 742, 746; Cooper v. Loughlin, 75 Tex. 524, 13 S.W. 37; Murchison v. White,

54 Tex. 78, 83; McGowen v. Zimpelman, 53 Tex. 479, 483; Porter v. Sweeney, 61 Tex. 213, 215; Moss v. Slack (Tex.Civ.App.) 141 S.W. 1063, 1066; Hirshfeld v. Brown (Tex.Civ.App.) 30 S.W. 962, 963; 13 Tex.Jur. p. 626.

In Thomas v. Bonnie Bros., 66 Tex. 635, 638, 2 S.W. 724, 725, the court said:

"The petition shows that the claim was duly approved by the county court * * * after it had been allowed by the administrator. * * *

"The defendant pleaded that the claim sued upon had been paid before its allowance by the administrator and approval by the county court; that this occurred during the life of J. M. Thomas.

"The court sustained an exception to so much of the answer as set up this defense, and we are of the opinion there was no error in this. The approval of the claim by the county court was a judgment which must be held to conclusively establish the validity of the claim, so long as it is not set aside by some proceeding lawfully instituted for that purpose. The pleas of payment contained in the answer constitute no defense to the case made by the petition; though effect might be given to such facts, connected with other proper averments, in a proceeding instituted for the purpose of setting the judgment of the county court aside. *The fact that the heirs of J. M. Thomas were not residents of Texas at the time the judgment was rendered approving the claim of appellees, in no way affects its validity or binding force upon all persons.*

"*Such probate proceedings are binding upon non-residents as well as upon residents. They are, in a sense, proceedings in rem, in which it is not necessary that notice be given to heirs, resident or non-resident, who, by reason of their interest, are presumed, so far as necessary, to be in court.* The rules applicable to cases in which jurisdiction over the person must be acquired before a personal judgment can be rendered, have no application to such proceedings." (Italics ours.)

See, also, Hardin v. Hardin (Tex.Civ.App.) 66 S.W.(2d) 362, 364.

The question for our decision is whether or not appellants' petition alleged facts bringing them within the rule herein stated. Appellants alleged as their excuse for failure to appear and contest the claim, and to appeal from the order approving the claim, that they had no knowledge of the action of the court in approving said claim and ordering payment thereof until after the expiration of the fifteen days allowed by law within which to appeal therefrom to the district court. (They do not allege any fact that prevented them from knowing of such action and contesting the claim or appealing from the judgment.) That as soon as plaintiffs discovered the claim had been approved they sued out a writ of certiorari to the district court; "that such writ of certiorari was heard by said district court * * * and said action was by said court dismissed for want of jurisdiction. That plaintiffs thereupon brought a suit in said district court * * * at the next term thereof * * * to set aside such judgment and action of this court; and that such suit was again dismissed by said district court for want of jurisdiction. That these plaintiffs have been diligent in seeking to correct and set aside such action and judgment of this honorable court; and have not been negligent in attempting to protect their rights herein, but have exhausted all legal means to do so."

The district court did not have jurisdiction of an independent suit brought therein for the purpose of setting aside the judgment of the county court. If the district court did have jurisdiction of an application for certiorari, then diligence on the part of appellants in exhausting available legal remedies required an appeal from the judgment of dismissal by the district court. See Porter v. Sweeney, 61 Tex. 213, 216; Article 932; Robertson v. National Spiritualists' Ass'n (Tex.Civ.App.) 25 S.W.(2d) 889; Armstrong v. Anderson (Tex.Civ.App.) 91 S.W.(2d) 775 (writ granted) Hurley v. Hirsch (Tex.Civ.App.) 66 S.W.(2d) 387; Messer v. Carnes (Tex.Civ.App.) 71 S.W.(2d) 580; 9 Tex.Jur. p. 29, 31. The probate proceeding in question being in the nature of a proceeding in rem, all persons interested in said estate had constructive notice of all actions of the court with reference thereto. There is no claim made that appellants did not actually know of the pendency of the administration. Appellants' claims against the estate were allowed by the administrator and approved by the court. Whether this was done before or after the approval of the claim of the Lincoln National Life Insurance Company is not shown. It is

not alleged that appellants did not know of the existence of said claim and its presentation to and approval by the administrator as a secured claim, and the filing thereof. As stated, the reason alleged for appellants' failure to appear and contest the approval of the claim and to appeal from its approval, as stated in paragraph 10 of appellants' petition, is that appellants had no knowledge of the action of the probate court approving the claim and ordering its payment until after the expiration of the period provided within which they might appeal. No contention is made that any act of appellees misled appellants and thereby prevented a contest of the claim, or an appeal from an adverse decision. If it be conceded that a good defense to said claim is alleged by appellants, since the court had jurisdiction, and since appellants had constructive notice of the proceedings and were not prevented by any act of appellees, or any other person, from contesting the claim or appealing from the order approving it, we think the diligence required by law to excuse appellants from exhausting available legal remedies is not shown and the court did not err in sustaining the general demurrer, and, upon appellants' failure to amend, dismissing the case. Gehret v. Hetkes (Tex.Com.App.) 36 S.W.(2d) 700, 702; Murchison Oil Co. v. Hampton (Tex. Civ.App.) 21 S.W.(2d) 59, 62 (error refused); Brownson v. Reynolds, 77 Tex. 254, 256, 13 S.W. 986; Kimmell v. Edwards (Tex.Civ.App.) 193 S.W. 363 (error refused); Sedgwick v. Kirby Lumber Co. (Tex.Sup.) 107 S.W.(2d) 358, 359; Stewart v. Byrne (Tex.Com.App.) 42 S.W. (2d) 234; Wear v. McCallum, 119 Tex. 473, 478, 33 S.W.(2d) 723; Smith v. Ferrell (Tex.Com.App.) 44 S.W.(2d) 962; Mercer v. Campbell (Tex.Civ.App.) 86 S.W.(2d) 811; Long v. Smith, 39 Tex. 160; Hollis v. Seibold (Tex.Civ.App.) 23 S.W.(2d) 811 (error dismissed); Reynolds v. Volunteer State Life Ins. Co. (Tex.Civ.App.) 80 S.W.(2d) 1087 (error refused); Murry v. Citizens' State Bank of Ranger (Tex.Civ.App.) 77 S.W.(2d) 1104; McCauley v. North Texas Traction Co. (Tex.Civ.App.) 21 S.W.(2d) 309; Weaver v. Vandervanter, 84 Tex. 691, 693, 19 S.W. 889.

 To set aside such a judgment by a proceeding of this kind, if the judgment is not void, the showing of judicial error or mistake, that is, that a different judgment ought to have been rendered, is not sufficient; a proceeding of this kind may not be used as a substitute for an appeal; nor are the allegations of irregularities in the probate court proceedings material since they do not show a lack of power in that court to render the judgment. 25 Tex.Jur. § 195, 200. Johnson v. Whatley (Tex.Civ.App.) 45 S.W.(2d) 766 (error refused); Grosebeck v. Campbell, 38 Tex. 36. In Gibson v. Hale, 57 Tex. 405, the Supreme Court held that the allowance and approval of a part of a claim and the rejection of the balance had the effect of a final judgment. The judgment was not vitiated by the fact that the allowance and approval of the disputed claim, in the instant case, was subject to a release of the Mann homestead.

 We do not think that failure of appellees to disclose the defects of their case, or matters which might constitute a defense thereto, constitutes "such extrinsic fraud as will justify or require vacation of the judgment." 34 C.J. 283; McDougall v. Walling, 21 Wash. 478, 58 P. 669, 75 Am.St.Rep. 849; United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; 19 Tex. Jur. 601; Taylor v. San Antonio Gas & Electric Co. (Tex.Civ.App.) 93 S.W. 674, 675 (error refused).

The fraud alleged by appellants, briefly stated, is as follows: That the presentment to said administrator of said claim "was illegal, null and void, and constituted a fraud" upon appellants and all unsecured creditors of the estate, and the allowance by the administrator "constituted a fraud upon the court, these plaintiffs and all other unsecured creditors," and the allowance by the administrator was in ignorance of the true facts, but well known to defendants, in that (a) the claim "was not authenticated as required by law," in that it does not appear that claimant's agent was known to the officer who took his affidavit to the claim, "nor does it appear therefrom that such alleged agent was authorized to or did make such alleged claim in behalf of said claimant"; (b) because the claim shows to have been filed before allowed by the administrator; (c) because the allowance was conditional; (d) because the claim was not a valid claim against the estate because "it appears from the face of the deed of trust attached to such claim"

that the obligation for $11,500 was not the obligation of Chas. Mann, nor of the community estate, but an obligation of the separate estate of Lena Smith Mann; (e) because the obligation was secured by a lien on the separate property of Mrs. Mann; (f) because the deed of trust executed by Mrs. Mann and Chas. Mann, deceased, was invalid as to a certain 200 acres, because homestead; that the administrator did not know such facts; that had he known the facts he would not have allowed the claim; that the facts were known to the Lincoln National Life Insurance Company, but it failed to disclose the facts; that such failure to disclose the facts constituted a fraud upon appellants, other creditors, and the court.

After careful consideration we have concluded that the alleged acts of fraud are frauds relating to the merits of the cause between the parties thereto, that is, intrinsic rather than extrinsic fraud. Judgments may not be impeached for fraud going to the merits of the case which could have been defended against and exposed upon trial of the case. Judgments may be impeached only for frauds which are extrinsic to the merits of the case.

"The acts or conduct for which equity will annul a judgment rendered by a court of competent jurisdiction—the parties to the judgment and to the equity suit being the same—have relation to fraud extrinsic or collateral to the matter tried and not to fraud in the matter on which the judgment was rendered. By extrinsic fraud, as opposed to intrinsic fraud or fraud involved in the issues actually determined, is meant that fraud which deprived a party of the opportunity to present properly his case upon the trial." 25 Tex.Jur. pp. 606, 607, § 201. State v. Wright (Tex.Civ. App.) 56 S.W.(2d) 950, 952; Reed v. Bryant (Tex.Civ.App.) 291 S.W. 605; Warne v. Jackson (Tex.Civ.App.) 273 S. W. 315; Davis v. Cox (Tex.Civ.App.) 4 S.W.(2d) 1008; Houston, E. & W. T. Ry. Co. v. Chambers (Tex.Civ.App.) 284 S.W. 1063; Wagley v. Wagley (Tex.Civ. App.) 230 S.W. 493.

"To entitle the appellants to the relief now sought it is necessary that they should show that they were prevented from urging, against the judgment of which they complain, objections which would, or ought to, have prevented its rendition, and that this prevention resulted from fraud, accident or the act of the adverse party,

without fault or negligence on their part." Harn v. Phelps, 65 Tex. 592, 597.

Italics in the opinion are ours.

The judgment of the district court is affirmed.